HERMANN, Plaintiff in error, vs. THE STATE, Defendant in
error.

*December 8 — December 22, 1888.*

*Criminal law: Evidence: Age of girl: Scienter.*

1. The testimony of the mother as to the age of her child is the best
   evidence.
2. The defendant having, a few weeks before the trial, suffered a girl
   less than sixteen years old to resort to her premises for an unlawful

purpose, and the question being whether she knew at the time that such girl was under the age of twenty-one, it was not error to allow the jury to determine that question from the girl's personal appearance, or from view only.

ERROR to the Municipal Court of *Milwaukee* County. The facts are sufficiently stated in the opinion.

For the plaintiff in error the cause was submitted on the brief of *J. C. McKenney.*

For the defendant in error there was a brief by the *Attorney General* and *L. K. Luse,* Assistant Attorney General, and oral argument by *Mr. Luse.*

ORTON, J.   The information is under sec. 4, ch. 214, Laws of 1887, which provides that " any person, being the owner of any premises or having or assisting in the management or control thereof, who induces or knowingly suffers any girl under the age of twenty-one years to resort to or be in or upon the premises for the purpose of being unlawfully and carnally known by any person or persons, shall be punished by imprisonment in the state prison not exceeding three years nor less than one year."   The information charges both that the defendant " *did induce and knowingly suffer* one Bertha Priess to resort to and be in or upon the premises," etc.   The defendant was convicted and sentenced, after a motion by her counsel to discharge her for want of evidence that she knew that Bertha Priess was under the age of twenty-one years when she so suffered her to resort to or be in or upon her premises for such purpose.

Ottillie Priess, the mother of Bertha, as a witness, was asked by the district attorney, " What is the age of Bertha? " This was objected to by the defendant's counsel, and the witness stated that she had or kept a baptismal certificate. It was contended that such family record was the best evidence of her age.   We have no statute that makes such

record evidence, and sec. 4160, R. S., makes the registration of births in the register's office only *presumptive* evidence thereof. In both cases, the evidence would be merely hearsay or secondary, at best. It certainly could not supersede the testimony of the mother of the exact age of her child. No evidence could possibly be better or more reliable.

The court, by proper instructions, allowed the jury to determine the question whether the defendant *knew* that Bertha was under the age of twenty-one years when she so suffered her to resort to her premises for such purposes, from her personal appearance, or from view only, and this was excepted to. The mother had testified that Bertha was born on the 13th day of March, 1872. The information was filed February 14, 1888, and charged the offense with having been committed on the 10th day of January previously; and the trial was had about the 17th day of February, so that Bertha, at the time, was under the age of sixteen years. Where, as in this case, the girl is so far under the age of twenty-one years, and just above the age of childhood and puberty, a woman of experience in the observation of girls would most certainly know that she was under the age of twenty-one years. There are appearances of development and maturity, or of their absence, which such a woman, or any woman, could not mistake. Sixteen is the first stage and tender age of womanhood. I know of no good reason why the personal appearance of this young girl, on view in presence of the jury, was not very satisfactory evidence that the defendant knew that she was under the age of twenty-one years. In cases where the girl is much nearer the age of twenty-one, such evidence would be more unreliable, as a matter of course. Each case must be tried upon its own facts. Our statute, even in criminal cases, sanctions evidence obtained by view. If the subject of the *scienter* in this case had been that Bertha was a *girl*, as well as under the age of twenty-one years, and the ques-

tion had been whether the defendant knew her to be a girl, her appearance alone would be satisfactory, without question. The evidence in this case, in a degree, is very much of the same character. The learned attorney general has furnished the court with authorities which sanction this kind of evidence. The cases of *State v. Arnold*, 13 Ired. Law, 184, and *State v. McNair*, 93 N. C. 628, are much in point. The following cases are authority by analogy: *Garvin v. State*, 52 Miss. 207; *Warlick v. White*, 76 N. C. 175; *People v. Gonzales*, 35 N. Y. 49; *People v. Muller*, 32 Hun, 209; *King v. N. Y. C. & H. R. R. Co.* 72 N. Y. 607; *Gaunt v. State*, 38 Alb. L. J. 103, 14 Atl. Rep. 600; *Clark v. Bradstreet*, 38 Alb. L. J. 287, 15 Atl. Rep. 56.

The record makes the court say, in instructing the jury, that "this girl is so near the age of twenty-one years, and her size is such, it would seem to make out a case similar to the one I have suggested." This must be a mistake in the record, or else it was a slip of the tongue or of the pen, or something is left out explanatory of it. But, as it is, it is favorable to the defendant, and she cannot complain.

*By the Court.*— The judgment of the municipal court is affirmed.