## THE STATE v. BEN DAVIS, Appellant.

Division Two, November 14, 1911.

1. **INFORMATION: Sufficient After Verdict: Rape.** In this prosecution for rape under section 4471, R. S. 1909, the State, on appellant's motion, elected to proceed on the theory that prosecutrix was under fourteen years of age and that defendant carnally knew her. The verdict expressly finds that fact. While the safer practice is to employ separate counts in an information when it is desired to charge both offenses under section 4471, it is held that the information in this case is sufficient after verdict.

2. **VERDICT.** No objection to the verdict can be well taken when that verdict explicitly affirms the defendant's guilt of the offense for which, at defendant's instance, the State elected to proceed, and when it is fully responsive to the issue submitted.

3. **JUROR: Opinion Formed: Challenge for Cause.** During the *voir dire* examination one juror, in answer to the prosecuting attorney's question, said that he had an opinion as to the age of the prosecutrix in this trial for rape, but said, in substance, that he would be governed by the evidence. Defendant's counsel did not examine this juror in respect to the matter, nor did he challenge him for cause. There was no indication what opinion the juror held, nor was there anything indicating that defendant was

State v. Davis.

hurt by the question and answer. No exception was saved to the juror's being retained on the panel of forty; he did not serve on the trial jury, and it does not appear but that the prosecuting attorney challenged him peremptorily. The exception saved was taken to the question put by the prosecuting attorney. Under these circumstances the point is ruled against defendant. His counsel should have challenged the juror for cause if he desired to save the point.

4. **APPEAL: Exhibits: Not in Record.** The action of the trial court in overruling objections to an exhibit cannot be reviewed since the exhibit does not appear in the record brought to this court, and since, also, it does not affirmatively appear that the exhibit was read to the jury.

5. **INSTRUCTIONS: Circumstantial Evidence.** Where there is direct evidence in support of every material allegation in the information no instruction on circumstantial evidence is necessary.

6. ———: **Flight.** An instruction as to flight is approved in form, and it is said by the court that the evidence of the city marshal as to his search for defendant from the 3rd to the 7th of February and his subsequent capture in another county justified the trail court in giving it.

7. **EVIDENCE: Conflict: Appearance of Witness.** There was a sharp conflict in the evidence as to the age of the prosecutrix, but, in addition to her own testimony and that of others who had known her from infancy, the jury had the prosecutrix before them, and by their verdict they settled the question.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright*, Judge.

AFFIRMED.

*Elliott W. Major*, Attorney-General, and *John M. Dawson*, Assistant Attorney-General, for the State; *Alex. Z. Patterson* of counsel.

BLAIR, C.—The information in this case charges (formal parts omitted) that appellant and another "at the County of Jasper and State of Missouri, in and upon one Hattie Wyatt, then and there being a female child under the age of fourteen years, unlawfully,

violently and feloniously did make an assault, and her, the said Hattie Wyatt, then and there, unlawfully, forcibly and against her will, feloniously did ravish and carnally know."

A severance was granted and the State, being thereto required on motion of appellant, elected to proceed against appellant for carnally knowing a female child under the age of fourteen years.

The jury returned the following verdict:

"We, the jury, find the defendant, Ben Davis, guilty of rape as charged in the information, and we find that at the time of the commission of said offense, the witness, Hattie Wyatt, was under the age of fourteen years, and we assess the punishment of the defendant, Ben Davis, at imprisonment in the penitentiary for a term of five (5) years.   E. A. Bourne, Foreman."

We will not besmirch our reports by spreading upon them the details of the occurrence which resulted in appellant's conviction. It will suffice to say that besides the direct testimony of the prosecutrix and evidence of admissions by appellant, there was testimony of eye-witnesses as to the fact of the intercourse charged and that, though the evidence as to the age of the prosecutrix was conflicting, it was sufficient, if believed, to support the finding that she was under fourteen when the offense was committed.

I.   The validity of the information was not questioned before verdict, but in the motion in arrest it is alleged that it is bad by reason of duplicity.   On appellant's motion the State elected to proceed on the theory that prosecutrix was under fourteen years of age.   On this theory the case was tried and the verdict expressly finds that fact.   While the safer practice is to follow approved forms, and, in case it is desired to charge both offenses under section 4471, to employ separate counts for that purpose, the information is certainly sufficient after verdict under the circumstances disclosed by this record.

Even if it could be said that the election which he compelled did not secure to him all to which he was entitled (which we do not decide), nevertheless if appellant desired to make further objection for duplicity, he should have made it before verdict. [State v. Fox, 148 Mo. l. c. 524; Nicholas v. State, 23 Tex. App. l. c. 326.] In view of the rule mentioned, it is unnecessary to discuss the numerous authorities holding that words importing the use of force in an information of this kind may be rejected as surplusage. [State v. Scroggs, 123 Ia. 649; State v. Newton, 44 Ia. 45; Davis v. State, 42 Tex. 226; Buchanan v. State, 41 Tex. Cr. Rep. 127; McQueary v. People, 48 Colo. 214; State v. Hann, 73 Minn. 140; Adams v. State, 114 Pac. 347; McComas v. State, 11 Mo. 116; State v. Dalton, 106 Mo. 463; State v. Meinhart, 73 Mo. l. c. 566; Bishop on Stat. Crimes (3 Ed.), sec. 486.], nor the question as to whether, under the information, a conviction for either of the offenses defined in section 4471 might not be upheld. [Lawrence's Case, 30 Gratt. l. c. 854.]

Neither is the objection to the verdict well taken. It explicitly affirms appellant's guilt of the offense for which, at appellant's instance, the State elected to proceed and is fully responsive to the issue submitted. [State v. Chumley, 67 Mo. l. c. 45.]

II. During the examination of the talesmen on their *voir dire* the prosecuting attorney asked several of them if they then had an opinion as to the age of the prosecuting witness. To this inquiry the response of all save one was in the negative. One juror, Crandall, answered that he had an opinion, but said, in substance, that he would be governed by the evidence. Appellant's counsel interposed no challenge for cause, nor did he examine the juror with respect to the matter. There is nothing to indicate what opinion the juror held, nor is there anything indicating that appellant was prejudiced by the ques-

tion and answer. [State v. Snyder, 182 Mo. l. c. 506.] No exception to the juror's being retained on the panel of forty was saved. Crandall did not serve on the trial jury, and it does not appear but that the prosecuting attorney challenged him peremptorily. The exception saved was taken to the question put by the prosecuting attorney. Counsel for appellant did not challenge the juror for cause as he should have done if he desired to save the point. [State v. Bronstine, 147 Mo. l. c. 531; R. S. 1909, sec. 5220.] Under these circumstances we rule the point against appellant.

III. The action of the trial court in overruling objections to "Exhibit A," referred to in the motion for new trial, cannot be reviewed since the exhibit does not appear in the record brought to this court [State v. Hicks, 178 Mo. l. c. 445; State v. Hathaway, 115 Mo. l. c. 45; State v. Sattley, 131 Mo. l. c. 488], and since, also, it does not affirmatively appear that the exhibit was read to the jury. [State v. Dawson, 124 Mo. l. c. 421.]

IV. One of the grounds of the motion for new trial is that the court refused to instruct on circumstantial evidence and failed to properly instruct "upon all the facts and issues raised in the case." The record does not disclose any request for any instructions in addition to those given. Further, there was direct evidence in support of every material allegation in the information and no instruction on circumstantial evidence was necessary. [State v. Armstrong, 167 Mo. l. c. 269.] The instructions given by the court fairly covered every phase of the case.

The instruction as to flight was in approved form and the evidence of the city marshal, who testified as to his search for appellant from the 3d to the 7th of February and his subsequent capture in another county, justified the court in giving it.

237 Sup.—16

V. It is asserted that there was no evidence that prosecutrix was under fourteen years of age. In addition to her own testimony to the fact, and that of others who had known her from infancy, the jury had the prosecutrix before them. "Jurors may use their eyes as well as their ears." [State v. Gebhardt, 219 Mo. l. c. 718.] It is true that there was a sharp conflict in the evidence on the point, but the jury, by their verdict, settled the question against appellant.

A careful examination of the record discloses no prejudicial error and the judgment is affirmed. *Roy, C.*, concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court.