(116 So. 893)

**WEAVER et al. v. STATE.** (1 Div. 756, 757.)

Court of Appeals of Alabama. May 15, 1928.

C. W. Tompkins, of Mobile, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. This prosecution was begun before the amendment to section 5001 of the Code of 1923, Acts 1927, p. 219. What is herein said is applicable to offenses of this character prior to August 2, 1927, only.

Whatever may be the holdings in other jurisdictions (and they seem to be different in North Carolina and Virginia), a negro, within the meaning of section 5001 of the Criminal Code of 1923, is a descendant of the whole blood from the black woolly-headed

race of South Africa and his and her descendants, to and including the third generation, where one parent of each generation is a white person. So if the defendant Dud Weaver is the descendant of a full-blooded negro within the degree named in the statute in Alabama, he is a negro within the meaning of its criminal statutes against intermarrying with a white woman. And, if, being such, he and his codefendant contracted a marriage in this state. they would both be guilty under the law. Linton v. State, 88 Ala. 216, 7 So. 261; Felix v. State, 18 Ala. 720.

The burden of making this proof, as of every material averment in an indictment, is on the state. This burden must be met by proof of the facts beyond a reasonable doubt and to a moral certainty. So that the state in this prosecution must, by facts and circumstances relevant to the issue, and legal, prove beyond a reasonable doubt (1) a negro ancestor of defendant of the whole blood; (2) that the defendant is not further removed from that ancestor towards another race than the third generation. In other words, it is the purpose of the statute to prevent marriage between the white and negro races, but fixes a limit after which there can be no felonious intent, and hence no crime. Const. 1901, § 102; Code 1923, § 5001. Within the limits named by this statute, a person who is an octoroon may not intermarry with a white person. After the limit of the octoroon is passed, there can be no prosecution, although the marriage is not legal. The limits fixed by the statute for criminal prosecution is the octoroon; whether that state has been reached by successive regular steps from a negro of the full blood or whether in irregular progress, the result is the same, and before a conviction can be had the state must make the proof. In the sense therefore that it is criminal for an octoroon and a white person to intermarry, an octoroon is a negro. Linton v. State, 88 Ala. 217, 7 So. 261.

The matter of proof then becomes important. The members of defendant's family—his father and uncle—witnesses for the state, who are supposed to know, testify that the defendant and his ancestors back as far as the grandfather are an admixture of white and Indian, and that there is no part negro in the defendant. So that as to these witnesses the state failed to make the necessary proof. The state's witnesses Henson and Lyons gave it as their opinions that defendant's grandfather, father, mother, and the defendant were negroes, but nowhere in the evidence is there testimony to prove a negro of the full blood in the ancestry of defendant. Failing in this and a descent therefrom by regular steps, there must be evidence from which the jury is authorized to find beyond a reasonable doubt that the defendant is not removed more than three full steps from a negro of the full blood.

The human family is divided into five distinct types or races, and when one of these is of the full blood of either type, such type is of easy discernment. The types under consideration here are the Negro and Caucasian (or white). It is therefore competent for a witness to testify that a man is a negro or a white man as the case may be, if he knows the type and is not testifying to a mere conclusion. But when there is an admixture of the white and negro races, it is not competent for a witness to testify to his conclusion that the man is a negro within the third degree. That is the very question being submitted to the jury in this case.

It is also competent to prove a man's race by his admissions, either verbally or by his acts; i. e., if he says he is a negro, such declaration may be proven. If he associates with negroes, in his social intercourse, attending negro churches, sending his children to negro schools, and otherwise voluntarily living upon terms of equality socially, such are acts which may be taken as admission. Wilson v. State, 20 Ala. App. 137, 101 So. 417; Jones v. State, 156 Ala. 175, 47 So. 100.

It would also be competent for the state to make profert of defendant's father and uncle that the jury may judge for themselves regarding the degree in which defendant stood to a negro of the full blood. Linton v. State, 88 Ala. 216, 7 So. 261.

With the foregoing in mind, we take up the objections and exceptions raised on the evidence. It was proper to allow the witness Henson to describe Taylor Weaver, the grandfather of defendant, to the jury. He was an ancestor of defendant within the degree named in the statute, and if the jury believed from the evidence beyond a reasonable doubt that Taylor Weaver was a negro of the whole blood, that would settle the question of race. It was proper to ask this witness the question, "Was he a white man or a negro?" It was not proper to ask the witness if the grandfather of defendant was a mulatto. This error, however, cannot avail the defendant for the reason that the question was not answered. It was also error to ask the witness if defendant's grandfather was a negro within the third degree, but this question was not objected to, nor was there motion to exclude the answer. It was proper to prove that defendant's grandfather had "kinky hair." This is one of the determining characteristics of the negro. This also applies to the questions involving the nose and other features. It is proper in a case of this kind to prove the race of defendant by description of any or all the characteristics belonging to the negro race, and even a photograph has been held to be admissible. Wharton's Crim. Ev. p. 1128.

The foregoing passes upon every question properly raised upon the introduction of evidence.

As to the refusal of the general charge we have not all the evidence before us, and,

while there is the usual statement that, "The foregoing is all the evidence," the record affirmatively shows that very important evidence is not included, to wit, the proferts of the defendant, his father, and his uncle. We find no reversible error in the record, and the judgment is affirmed.

Affirmed.