STATE *vs.* HENRY DORATHY.

Somerset.      Opinion, January, 13, 1934.

*Clayton E. Eames,* County Attorney for the State.
*F. Harold Dubord,* for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

BARNES, J. The respondent was tried and convicted, on an indictment under Sec. 6 of Chapter 135, R. S., for taking indecent liberties with a female person under the age of sixteen years.

During the trial, the prosecutrix, in cross-examination, was asked whether, at about the time when respondent is charged with having committed the offense set out in the indictment, she did something naughty with a boy of the village; and whether she had told her mother anything about him. On objection the court excluded these questions, and exception was noted.

The record then shows the following:

Q. "Do you know a boy by the name of Raymond Collins?"

A. "No, Sir."

Mr. Eames: "I object."

Mr. Dubord: "You say you don't know a boy by the name of Raymond Collins?"

The Court: "I shall have to exclude that as the case now stands."

To this ruling the second exception was noted.

A nurse having supervision of the children in the local schools was introduced as a witness for the respondent and asked whether the prosecutrix said anything to her to the effect that boys had infected her with gonorrhea.

She was not allowed to answer the question, and the third exception was noted.

The nurse was then asked whether she was "familiar with an investigation in connection with" prosecutrix and a boy of the town.

This question was excluded and the fourth exception noted.

The nurse was asked if she had any talk with the prosecutrix concerning whether or not she acquired venereal disease from or gave it to a local boy, and whether she had any talk with the prosecutrix concerning her actions, with a young man named, at or about the same time she accused respondent of committing the crime.

The exclusion of these questions gave rise to the fifth exception. Another exception, taken at the trial, was waived.

The prosecutrix was a girl, eight years old at the time of the trial.

She was examined by the presiding Justice, in the presence of counsel for both sides, and later presented as a witness.

The questions that resulted in the first and second exceptions were asked as affecting the credibility of the witness. The nature and extent of cross-examinations of a child of tender years is left to the discretion of the court.

The credibility to which the child is entitled is for the jury.

Should contradiction or apparent misunderstanding arise, or discrepancies appear, by reason of testimony of others, respondent's counsel might well ask the privilege of making searching examination of a child of eight.

At the stage to which the trial had advanced when these questions were asked, the respondent was not hurt by their rejection.

The court excluded them, "as the case now stands," and properly.

The State rested after the production of the prosecutrix, and the respondent introduced testimony that on the last day of September, 1932, respondent showed no symptoms of gonorrhea; and that after the middle of that month the prosecutrix was suffering from that disease.

After verdict of guilty, motion for a new trial was presented to the court, alleging as grounds therefor that the verdict was against the law, evidence and the weight of evidence, and that the State did not prove that the respondent was twenty-one years of age or more when the crime was committed.

This motion was denied, and appeal taken.

The appeal was argued on the issue of evidence of the respondent's age.

Not failing to note that no witness was asked the age of the respondent, and that the best practice would be to put into the written record direct evidence thereof, it remains for this court to say that we find evidence that justified the decision of the jury.

That evidence is in the record of the court proceedings, and we cannot say, after the jury has passed upon the weight of the evidence, that the evidence was so slight the respondent should be discharged.

In arguing his motion for a new trial respondent stresses the claim that there was no evidence that he was twenty-one years or more of age when the offense was committed, and if admissible evidence thereon be found urges the court to rule that all the admissible evidence on the issue of respondent's age at that time be held insufficient to prove beyond reasonable doubt this material issue.

The right of a jury in a criminal case to determine a person's age by inspection or observation has been decided in many of our states, with some diversity as to conclusions.

Some few hold that the jury may not determine one's age by inspection or observation where attention has not been called to the fact that such person was on inspection for that purpose.

A small class hold that one's appearance can never be taken into consideration by the jury, the reason advanced being that such evidence cannot be preserved for review.

We find, however, a very respectable collection of authorities which hold that one's personal appearance may be observed by the jury, in connection with other evidence or standing alone, for the purpose of determining his or her age.

The gravity of the hazard the respondent at the bar faces is fully appreciated by the court, and it is borne in mind that he "shall not be compelled to furnish or give evidence against himself."

He was presented for a felony. So he was required to be present in the court room, before the jury which was to try the State's case against him was empanelled, and in the presence of Court and jury throughout the trial. We take judicial notice that when the trial was at its beginning respondent was informed, by statement

of the court, through its clerk, that certain persons were about to be qualified to try the case; that if he were to object to any persons called, he must do so before they were sworn.

And the inference is unavoidable that every alert and intelligent juror sworn then must have seen respondent, whom probably to know aright as to age was but to see.

We take judicial notice that after the jurors were sworn, the respondent, if physically able to rise and stand, did so while to him and to the jury was read the indictment, which charges that at the time of commission of the alleged felony respondent was seventy-four years old.

It is in the record, sufficiently for purposes of review, that the jurors saw the respondent, on the day of trial.

Later, in the record we find that while the little girl was being examined, she was asked, "Do you know that man who sits down there in that chair (indicating respondent)?"

She answered, "Yes, Sir."

Then followed:

Q. "What is his name?"

A. "Henry Dorathy."

So that again each juror had his attention directed to the respondent. It may be argued that no juror can be allowed to review in the conference room the concept formed if he saw with his eyes a man of more than twenty-one years, or an infant in his minority.

The answer which banishes such a claim is that men and women, of intelligence sufficient to serve as jurors, have been drawing conclusions as to age, as a matter of every day experience, from the appearance of people with whom they come in contact; and they are not required to consider that they have no evidence of the age of a respondent in a prosecution for a felony because there is no verbal or written testimony of age.

Such conclusion is as inescapable as would be the conclusion that a party in court had lost an arm, if he stood forth to the view shorn of such member.

There is force to the claim that respondent was not compelled to produce evidence against himself.

He must, however, present himself before court and jury, to se-

cure acquittal. This he may do voluntarily, but whether voluntarily as a witness, or by force of his compelled attendance, as here, he inevitably reveals that he is a person, a male perhaps. He reveals his race, color, and, we hold, somewhat as to his age.

The preponderance toward this view of the authorities consulted has influence with us.

In a civil action, where contract was disaffirmed, Iowa code reading, "no contract can be thus disaffirmed in cases where, on account of the minor's own misrepresentations as to his majority, or from his having engaged in business as an adult, the other party had good reason to believe him capable of contracting," and where the defendant was a witness, held, "certainly his appearance was a proper matter for the jury to consider in determining whether Armstrong, in acting for the bank, had good reason for supposing him of age." *First National Bank of Titonka·v. Casey*, 158 Iowa 349, 138 N. W., 897.

Where the statute makes it a crime for anyone knowingly to suffer any girl under twenty-one years of age on his premises for prostitution, the court allowed the jury to determine the question whether respondent knew the girl was under the age of twenty-one years, from her personal appearance, or from view only. On exceptions the judgment of the lower court was affirmed. *Hermann* v. *State*, 73 Wis. 248, 41 N. W., 171.

Soo Hoo Hong, a would-be immigrant, claimed to be under twenty-one years of age.

On appeal, in habeas corpus proceedings the court says: "The board of inquiry, in considering the testimony, had the right to take into consideration the appearance of the applicant, and being satisfied by his appearance that he was well over twenty-one years old, they denied him admission." Held: "the order is affirmed." United States, ex Rel., *Soo Hoo Hong* v. *Tod, Commissioner of Immigration.*, 290 Fed., 689.

In prosecution for marrying a white woman, where respondent was a descendant of a negro of the whole blood, not beyond the third generation, the state may introduce a witness "to testify that a man is a negro or a white man as the case may be, if he knows the type and is not testifying to a mere conclusion," and "It is also

competent to prove a man's race by his admissions, either verbally or by his acts." *Weaver et al* v. *State*, 22 Ala. App., 469, 116 So. 893.

This point was adjudicated in case of a California respondent on trial for homicide, as follows: "The contention is urged with much force that the court erred in ordering the defendant to stand up during the trial for identification by one of the witnesses. The witness had stated that he went into the station-house, and there found this young man, (meaning the defendant). It is claimed that this act was violative of the constitutional provision that 'no person shall be compelled in any criminal case to be a witness against himself.' The defendant was in Court, and it was proper for the jury, in identifying the person whom the witness had seen, to know whom the witness meant by the expression 'This young man.' He was not compelled to exhibit any part of his person which the jurors had not seen as he walked in and out every day. It was not compelling the defendant to become a witness against himself in any respect, within the meaning of the constitutional provision above quoted." *People* v. *Goldenson*, 76 Cal., 328, 19 Pac. 161.

In the case at bar it may be the jurors knew that the birth of a person of respondent's appearance antedated the registration of vital statistics, and that in the course of nature none who could have knowledge of his birth are probably within reach of process of our courts. If so the appearance of the respondent, his every outward characteristic, would properly be weighed by the jury to determine whether the man alleged to be seventy-four years of age was in truth and in fact more than twenty-one. As stated in the opinion of one of our sister appellate courts, on a like occasion, "Counsel for appellant will not resent the kindly suggestion that his talents might be better employed than in urging a point of so little merit."

In *Garvin* v. *State*, 52 Miss., 207, an indictment rested on the ground that the defendant was a colored man. Of his color there was no "proof"; but the court said: "No error is perceived in the charges. By one of them the jury were instructed that, inasmuch as the indictment described the defendant as being a colored person, he must be shown to be such by proof but that actual profert of

him before them was sufficient if they were satisfied, from their inspection, that he was colored. It is urged that this was erroneous, because it is said that the jury can know nothing except from the testimony of witnesses. This is not true as to physical facts which may be brought to their attention by ocular demonstration. It would not be necessary to prove, by other testimony than profert of the party, that he was a 'person', or a 'man', if so described in the indictment. Under certain circumstances jurors may use their eyes, as well as their ears."

To the same effect, see *Warlick* v. *White*, 76 N. C., 175.

In discussing these cases the Maine court said in *Clark* v. *Bradstreet*, 80 Me., 454, Atl. 56, "No one will doubt the propriety or reason upon which these decisions are based when the question is one of race or color, for it is well understood that there are marked distinctions, physical and external, between the different races of mankind, which may enable men of ordinary intelligence and observation to judge whether they are of one race or another."

In a Missouri case, where respondent could not be held to answer for a criminal act unless over sixteen years of age, and where the court submitted to the jury the question of respondent's age at the time of commission of the offense: held that the jury "evidently found the fact to be true, but it is earnestly insisted that the evidence was wholly insufficient to warrant conviction, as there was no evidence that defendant, at the time of the alleged commission of the offense, was over sixteen.

It is true there is no direct testimony in the record on this point. There is evidence, however, that the defendant was an attorney at law in Poplar Bluff, with an office in that city, and was a candidate for city attorney of Poplar Bluff at the time the prosecuting witness went there for the purpose of making a demand for these rents. As this was a trial for a felony, and the defendant was shown to have been present in person at the commencement of the trial, every presumption will be indulged that he was in fact present. . . . After all these facts are considered, it seems to us to reverse this judgment because some witness was not called to formally testify to defendant's age would be a reproach to the administration of justice. If witnesses had been called, they could in all probability

have merely testified to the same appearance which the jury witnessed. Jealous as we are of the rights of a defendant, we feel absolutely assured that no possible prejudice resulted to him by the failure to make this formal proof that he was over sixteen years of age." *State* v. *Gebhardt*, 219 Mo., 708, 119 S. W., 350; *State* v. *Davis*, 237 Mo., 237, 140 S. W., 902.

On the trial of the keeper of a billiard room, for admitting a minor, in violation of law, the court held: "There is nothing in the bill of exceptions from which it can be inferred that the defendant was aggrieved by the ruling of the court in permitting the jury to judge whether one of the alleged minors was under age from his appearance on the stand. There are cases where such an inspection would be satisfactory evidence of the fact. It certainly was not incompetent for the jury to take his appearance into consideration in passing on the question of his age; and, as it does not appear that this may not have afforded plenary evidence of that fact, the defendant fails to show that he was convicted on insufficient evidence, or that he has been prejudiced by the ruling of the court."*Commonwealth* v. *Emmons*, 98 Mass., 6.

In a prosecution where the age of a girl was of importance, and wherein it was contended that the whole evidence was too slight and inconclusive to warrant a conviction, the court held: (citations on these, and on another point, omitted) "As to the age of the girl. Through inadvertence perhaps, or for some other reason she was not asked how old she was. Her testimony on this point would have been competent. It was also competent for the jury to consider her appearance in determining her age. It may have been quite obvious that she was under sixteen. . . . . The defendant further contends that the whole evidence was too slight and inconclusive to warrant a conviction, and that for this reason the case ought to have been withdrawn from the jury. Where an essential element in an offense is unsupported by evidence, no doubt this course should be adopted. But where competent evidence has been introduced in support of all the material allegations of an indictment, the weight and sufficiency of such evidence are ordinarily for the jury, in the first instance. They may also be further considered by the court on a motion for a new trial, but ordinarily cannot be considered anew on a bill of ex-

ceptions. In the present case, we are unable to say that the evidence was insufficient in law, or so slight that it was the duty of the court to direct a verdict of not guilty." *Commonwealth* v. *Hollis*, 170 Mass., 433, 49 N. E., 632.

And in this commonwealth, where several children were allowed to testify as to their respective ages; the Court held that to determine their ages the jury may take into consideration "the appearance of the children." *Commonwealth* v. *Phillips*, 162 Mass., 504, 39 N. E., 109, 110.

A boy represented to be twelve and one-half years of age and the son of Fong On, a man of Chinese descent but a nativeborn citizen of the United States, begotten in China, and if by Fong On, begotten within fourteen years of the date of the hearing on admission, was refused admission, because found to be older than a son of Fong On could be, if begotten in China.

The Circuit Court of Appeals, Second Circuit, dismissed the writ of habeas corpus, despite the fact that the applicant, Fong On and an identifying witness testified to the boy's age as claimed. The Court says, inter alia, that the applicant "is five feet six and a quarter inches tall, and the full length photograph of him included in the record certainly gives him the appearance of being many years older than the age claimed. A certificate signed by a surgeon of the public health service states that he has examined the applicant and believes him to be at least sixteen years of age.

When the age of a person becomes an issue and the person is present before the triers of the fact, it can hardly be doubted that they are at liberty to use their senses and to draw an inference as to the person's age from his physical appearance." United States ex rel., *Fong On* v. *Day*, 54 Fed., (2d) 990.

On a bill against heirs of the grantee in a deed to set it aside on the ground of the mental incompetence of the grantor to execute it, the court says, "The complainant was in court during the hearing. The defendant's counsel criticizes complainants very harshly for bringing complainant into court. We think the criticisms are entirely uncalled for and unjust. It was perfectly proper and in furtherance of justice to bring the complainant before the court, and afford the judge an opportunity of seeing him, and, if he de-

sired, of questioning him. It was the theory of complainant's counsel that he was incapable of holding a connected conversation. His nephew Ben Hinkley testified that he was incapable, as he sat in court, of holding connected conversation.

If defendant's counsel desired to dispute this testimony, they had an opportunity to apply a decisive test by calling the old gentleman as a witness. They did not do so, and we think their brief shows that the reason was that they were satisfied that at that time he was incapable of testifying."*Benson* v. *Raymond*, 142 Mich., 357, 105 N. W., 870, 108 N. W., 660.

In report of a criminal prosecution in the same state, where the charge was sexual intercourse with an infant under sixteen years of age, where the girl, called as a witness by the State, testified to being older at the commission of the offense than she had testified at the "examination," the court held that the jury were entitled to consider the statements of witnesses as to the girl's age, "and as well her appearance."*People* v. *Elco*, 131 Mich., 519, 91 N. W.,755.

The jury may infer the minority of a witness examined before them without the introduction of any direct evidence. (Pa. 1852) 2 Grants Cases 43.

In a contested election case, "The appearance of the voter may be testified to as indicative of age." *Black* v. *Pate*, 130 Ala., 514, 30 So., 434.

In a trial for rape, wherein the prosecutrix was a witness, the court said: "The jury had the right, in forming an opinion with reference to her capacity or want of capacity to consent to sexual intercourse, to take into consideration facts discovered by their own observation of the girl herself, her apparent physical development, etc." *Jones* v. *State*, 106 Ga., 365, 34 S. E., 174.

There is no exception to the charge of the trial court.

In his brief counsel for respondent expresses his commendation of the charge. In his charge the Court apprised the jury again of the allegation that respondent was, "more than twenty-one years of age, to wit of the age of seventy-four years."

We are not to interfere with the verdict.

*Exceptions overruled.*
*Motion denied.*