505 So.2d 761 (1987)
STATE of Louisiana, Appellee,
v.
Steven ZIHLAVSKY, Appellant.
No. 18459-KA.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1987.
Rehearing Denied April 30, 1987.
*762 Indigent Defender office by J. Spencer Hays, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Henry N. Brown, Jr., Dist. Atty., James M. Bullers, Asst. Dist. Atty., for appellee.
Before HALL, C.J., and JASPER E. JONES and SEXTON, JJ.
HALL, Chief Judge.
The defendant, Steven Zihlavsky, was convicted by a jury of two counts of aggravated crime against nature in violation of LSA-R.S. 14:89.1 for engaging in oral copulation with two young boys, B.R., age eleven, and D.L., age thirteen. Defendant was sentenced on each count to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence with the sentences to be served consecutively. On appeal, defendant raises the following issues:
1. Whether the trial court erred in admitting photographs and testimony concerning them relating to another charge against defendant which had been severed for trial;

*763 2. Whether the state failed to prove an essential element of the offense of aggravated crime against nature, namely that defendant was at least three years older than the victims;
3. Whether the trial court erred in denying defendant's motion in arrest of judgment based upon the omission of an essential averment from the bill of information, namely an aggravating circumstance set forth in LSA-R.S. 14:89.1; and
4. Whether the trial court imposed an excessive sentence.
Finding no merit to defendant's arguments, we affirm his convictions and sentences.
PHOTOGRAPHS
Defendant was originally charged by bill of information with two counts of aggravated crime against nature in violation of LSA-R.S. 14:89.1 and one count of pornography involving juveniles in violation of LSA-R.S. 14:81.1. Prior to trial, the pornography charge was severed from the other two charges. At trial for the instant offenses, two police officers identified photographs which were found by them in a closet at defendant's residence pursuant to the execution of a search warrant. The photographs depict a naked, male youth measuring his penis with a ruler but do not show the boy's head. B.R. identified himself as the youth in the photographs and defendant as the photographer. B.R. also testified that the photographs were taken at a time when oral sexual contact occurred between him and defendant.
Defendant argues that the trial court erred in admitting the photographs and testimony concerning them into evidence because they are evidence of other crimes and were severely prejudicial to his case.
Generally, the prosecution cannot introduce evidence of other criminal acts of the accused. However, this prohibition does not bar the admission of evidence of other criminal acts which are an inseparable part of the whole deed. State v. Belgard, 410 So.2d 720 (La.1982); State v. Haarala, 398 So.2d 1093 (La.1981); State v. Broadway, 440 So.2d 828 (La.App.2d Cir. 1983). Such acts are admissible as part of the res gestae under LSA-R.S. 15:447-48 without the necessity of balancing the probative value of such evidence against its prejudicial effect. State v. Stucke, 419 So.2d 939 (La.1982); State v. Williams, 375 So.2d 364 (La.1979); State v. Wilson, 363 So.2d 481 (La.1978). To constitute res gestae, the circumstances must be necessary incidents of the criminal act or immediate concomitants of it, or form in conjunction with it one continuous transaction. LSA-R.S. 15:448; State v. Jackson, 450 So.2d 621 (La.1984).
Clearly, the circumstances surrounding the taking of the photographs and the photographs themselves were immediate concomitants of or were one continuous transaction with defendant's criminal acts with B.R., and, as such, form part of the res gestae. Such evidence was properly admitted despite the fact that it was also evidence pertaining to a separate, severed offense and was prejudicial to defendant.

PROOF OF AGE
Defendant argues that the state failed to introduce any evidence to establish an aggravating circumstance as required by LSA-R.S. 14:89.1 and that the trial court erred in allowing the state to argue in its closing argument facts regarding an aggravating circumstance which were not admitted into evidence. The only aggravating circumstance under LSA-R.S. 14:89.1 applicable to this case is "(6) When the victim is under the age of seventeen years and the offender is at least three years older than the victim." Although there was evidence that the victims were ages eleven and thirteen, there was no direct evidence of defendant's age. In his closing argument, the prosecutor stated that in Louisiana a man must be seventeen years or older in order to be prosecuted outside of juvenile court. According to the pre-sentence investigation report, defendant was forty-nine years old at the time of trial.
*764 There are no Louisiana cases directly on point but the prevailing rule in other jurisdictions is that where no direct evidence of defendant's age is presented, defendant's physical appearance may be considered by the jury in determining his age. Barnett v. State, 488 So.2d 24 (Ala.Crim.App.1986); State v. Lauritsen, 199 Neb. 816, 261 N.W.2d 755 (1978); Torres v. State, 521 P.2d 386 (Alaska 1974); State v. Rowe, 238 A.2d 217 (Me.1968); State v. Hemmenway, 80 S.D. 153, 120 N.W.2d 561 (1963); State v. Fries, 246 Wis. 521, 17 N.W.2d 578 (1945); State v. Dorathy, 132 Me. 291, 170 A. 506 (1934); 2 Wigmore § 222 (Chadbourn rev. 1979).
In State v. Dorathy, supra, the state was required to prove that Dorathy was twenty-one years or older at the time of the commission of the crime. The court noted that there was no direct testimony or written evidence of Dorathy's age but recognized "... the right of a jury in a criminal case to determine a person's age by inspection or observation...." Dorathy at p. 507. In so holding, the court stated the following:
... It may be argued that no juror can be allowed to review in the conference room the concept formed if he saw with his eyes a man of more than twenty-one years, or an infant in his minority.
The answer which banishes such a claim is that men and women, of intelligence sufficient to serve as jurors, have been drawing conclusions as to age, as a matter of everyday experience, from the appearance of people with whom they come in contact; and they are not required to consider that they have no evidence of the age of a respondent in a prosecution for a felony because there is no verbal or written testimony of age.
Such conclusion is as inescapable as would be the conclusion that a party in court had lost an arm, if he stood forth to the view shorn of such member.
There is force to the claim that respondent was not compelled to produce evidence against himself.
He must, however, present himself before court and jury, to secure acquittal.
This he may do voluntarily, but whether voluntarily as a witness, or by force of his compelled attendance, as here, he inevitably reveals that he is a person, a male perhaps. He reveals his race, color, and, we hold, somewhat as to his age.
The preponderance toward this view of the authorities consulted has influence with us.
Dorathy, at p. 508.
In the Dorathy opinion, the following authorities were cited and discussed: First National Bank of Titonka v. Casey, 158 Iowa, 349, 138 N.W. 897, 899; Hermann v. State, 73 Wis. 248, 41 N.W. 171, 9 Am.St. Rep. 789; United States ex rel. Soo Hoo Hong v. Tod, Commissioner of Immigration, (C.C.A.) 290 F. 689, 696; Weaver et al. v. State, 22 Ala.App. 469, 116 So. 893, 895; People v. Goldenson, 76 Cal. 328, 19 P. 161, 169; Garvin v. State, 52 Miss. 207; Warlick v. White, 76 N.C. 175; Clark v. Bradstreet, 80 Me. 454, 15 A. 56, 57, 6 Am.St.Rep. 221; State v. Gebhardt, 219 Mo. 708, 119 S.W. 350, 352; State v. Davis, 237 Mo. 237, 140 S.W. 902; Commonwealth v. Emmons, 98 Mass. 6; Commonwealth v. Hollis, 170 Mass. 433, 49 N.E. 632; Commonwealth v. Phillips, 162 Mass. 504, 39 N.E. 109, 110; United States ex rel. Fong On v. Day (C.C.A.) 54 F. (2d) 990, 991; Benson v. Raymond, 142 Mich. 357, 105 N.W. 870, 872, 108 N.W. 660; People v. Elco, 131 Mich. 519, 91 N.W. 755, 94 N.W. 1069; Snodgrass v. Bradley (1852) 2 Grant Cas. (Pa.) 43; Black v. Pate, 130 Ala. 514, 30 So. 434, 439; Jones v. State, 106 Ga. 365, 34 S.E. 174, 175.
In State v. Fries, supra, the court held that "... the jury was at liberty to look at parties in the courtroom for the purpose of determining questions of identity. No reason exists for refusing to allow such observation as a means of determining the relative age or maturity of the defendant."
In Barnett v. State, supra, the court held:
The record supports the appellant's assertion that the state did not offer any direct evidence of the defendant's age during its case in chief. There is, however, no requirement that the proof of *765 age be established by direct evidence. "It is uniformly the rule that a defendant's physical appearance may be considered by the jury in determining his or her age." State v. Lauritsen, 199 Neb. 816, 819, 261 N.W.2d 755, 757 (1978); Torres v. State, 521 P.2d 386 (Alaska 1974); State v. Hemmenway, 80 S.D. 153, 120 N.W.2d 561 (1963); Ham v. State, 156 Ala. 645, 47 So. 126 (1908); Black v. Pate, 130 Ala. 514, 30 So. 434 (1900). "Jurors are at liberty to use their senses of observation and draw inferences as to the age of an accused or witness from his physical appearance, and such will fill the evidentiary void otherwise present where no verbal or written testimony of age is introduced into evidence." State v. Rowe, 238 A.2d 217, 222 (Me.1968); State v. Fries, 246 Wis. 521, 17 N.W.2d 578 (1945); State v. Dorathy, 132 Me. 291, 170 A. 506 (1934); 2 Wigmore, Evidence § 222 (Chadbourn rev.1979) ("Experience teaches us that corporal appearances are approximately an index of the age of their bearer, particularly for the marked extremes of old age and youth").
It is generally held, however, that some additional proof of the defendant's age must be presented in conjunction with his physical appearance.1 State v. Lauritsen, 199 Neb. at 819, 261 N.W.2d at 757; Slocum v. People, 120 Colo. 86, 207 P.2d 970 (1949). This additional proof may be in the form of circumstantial evidence and need not be, in and of itself, conclusive of the defendant's age. State v. Fries, 246 Wis. 521, 17 N.W.2d 578 (1945); People v. D'Angelo, 30 Ill. App.3d 86, 333 N.E.2d 525 (1975).
The court minutes indicate that defendant was present at trial. Defendant was also identified by several witnesses at trial. Unquestionably, defendant's physical appearance was open to view by the jurors. Since proof of defendant's age was put at issue by both the prosecution and defense in closing statements, it is clear that the jury concluded beyond a reasonable doubt this defendant was at least three years older than the victims.
The record contains some additional circumstantial proof of the defendant's age. Defendant was referred to as a "man" by the witnesses. "Although the word [`man'] can be used in the generic sense, it also reflects an opinion regarding the maturity of the person it describes. Although we place minimal weight on this factor, we note that a witness' reference to a defendant as a `man' or an `adult' has in some cases been viewed as circumstantial evidence that the defendant was older than 18 years of age. See, People v. D'Angelo, 30 Ill.App.3d 86, 333 N.E.2d 525 (1975); Rich v. State, 266 P.2d 476 (Okl.Cr.App., 1954); State v. Fries, supra; c.f. Torres v. State, supra." State v. Lauritsen, supra, 261 N.W.2d at p. 757.
Other relevant evidence concerning defendant's age includes testimony by B.R.'s father that defendant was "close friends" with his ex-wife and that he was angry with defendant because of their relationship. B.R. testified that defendant and his mother met at "Parents Without Partners" and that defendant would pick him up and take him to defendant's house where he sometimes spent the night.
In State v. Saibold, 213 La. 415, 34 So.2d 909 (1948), evidence that Saibold had lived in the city for many years, and had two sons, one of whom was married and the other in service, was held sufficient to prove that he was a person over seventeen years of age in a prosecution for indecent behavior with a juvenile.
The evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational juror to conclude that an essential element of the crimes, namely that defendant was three years older than the victims, was proven beyond a reasonable doubt. LSA-C.Cr.P. Art. 821. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Also noteworthy is the fact that defendant, without objection, was tried as a person seventeen years of age or older and not as a juvenile. La.Const. Art. V, § 19; LSA-C.J.P. Art. 14. The prosecutor stated in closing argument that for a man to be here on trial he must be seventeen or older. *766 Any error in making such a statement was harmless in view of the evidence discussed above that this defendant was three years older than the victims.

DEFECTIVE INDICTMENT
Defendant argues that the trial court erred in denying his motion in arrest of judgment based upon the state's failure to set forth any aggravating circumstance listed in LSA-R.S. 14:89.1 in the bill of information. The bill of information stated that defendant committed aggravated crime against nature with B.R. and D.L. "by having oral copulation in violation of LSA-R.S. 14:89.1."
The indictment or bill of information shall be a plain, concise and definite statement of the essential facts constituting the offense charged. LSA-C.Cr.P. Art. 464. When an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, technical sufficiency of the indictment may not be questioned after conviction where no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution. State v. Gainey, 376 So.2d 1240 (La.1979), State v. James, 305 So.2d 514 (La.1974). Defects in the bill of information caused by failure to list essential elements of the crime are cured by the answers in response to a bill of particulars. State v. Vanderhoff, 415 So.2d 190 (La.1982).
Defendant filed a motion for a bill of particulars but, in so doing, failed to inquire as to the nature of the aggravating circumstances involved in the charges against him. Furthermore, the trial court, in his preliminary remarks to the jury, adverted to the age difference between defendant and the victims as being the aggravating element. Under these circumstances, defendant, who failed to request in his bill of particulars the information which he now complains was omitted, was fairly informed of the charges against him and was not prejudiced by surprise or lack of notice that the age difference was the aggravating element.

EXCESSIVE SENTENCE
Defendant's last argument is that the trial court's imposition of two consecutive fifteen year sentences is excessive because, due to his age of forty-nine years, these sentences subject him to the possibility of serving a life term. Defendant also complains that the trial court failed to consider that he was given a suspended sentence for his last felony conviction which occurred seventeen years ago and since then he has raised a family and been gainfully employed.
In the pre-sentence investigation report, defendant admitted that he participated in oral sexual contact with both D.L. and B.R. and that he also took nude photographs of a juvenile girl. Defendant also admitted that he had been placed in eleven or twelve juvenile detention homes throughout the state of Michigan for being a peeping tom and committing other sexual offenses and was placed in a clinic because of mental problems resulting from his sexual problems. Defendant has a lengthy criminal record outside the state of Louisiana dating back to 1953 including offenses such as breaking and entering, theft, burglary, disorderly conduct, indecent exposure, and peeping tom. Three of defendant's convictions were for felony offenses, the last of which was in 1969. Since moving to Louisiana in 1971, defendant has been convicted of criminal mischief as a peeping tom, assault, and theft, all misdemeanor offenses. Additionally, defendant has been arrested for prowling, pornography involving juveniles, and indecent behavior with juveniles.
Defendant has a history of parole violations and was once confined to a state mental hospital in Michigan in 1963 in lieu of returning to the state penitentiary as a parole violator. According to defendant's ex-wife, defendant beat her and their sons and sexually molested their daughter. Defendant's work history has been sporadic and there is no indication that he provides any support for his five children.
*767 The transcript of the sentencing hearing indicates that the trial court adequately complied with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1, specifically finding that defendant was in need of correctional treatment and that there were no mitigating circumstances. Based on defendant's extensive prior criminal history, his failure to respond to probationary treatment, his age, and the seriousness of the offenses, the consecutive imposition of the maximum sentences on both offenses was justified. The fact that defendant may serve the remainder of his natural life in prison does not warrant a finding that the sentences imposed were unconstitutionally excessive.

DECREE
Defendant's convictions and sentences are affirmed.
AFFIRMED.