The appellants, Bill Butler and Linwood Butler, were charged in separate indictments with rape in the second degree. The cases were consolidated, because both crimes were committed as part of the same transaction.
The record indicates that, on the day of the offense, both appellants and the victim's father, were working on an automobile at Linwood Butler's house. The three men were drinking beer throughout the day. The victim's testimony indicates that Linwood Butler's two sons were also present. The victim, who was 15 years old, and her 13-year-old brother, came to Linwood Butler's house to watch television. After some time, Linwood Butler came inside the house and sat next to the victim on the couch. He began touching her breasts. The victim's father entered the room and told the victim's *Page 1022 
brother to go outside. He then took the victim into a bedroom. The victim testified that at that time the appellants, her father, and Linwood Butler's two sons were also in the bedroom. The victim's father removed her clothes and her father, the appellants, and Linwood Butler's sons all engaged in sexual relations with the victim. She testified that her father and Linwood Butler held her down as they did.
 I.
The appellants argue that the trial court erred in denying their motion for a mistrial citing as grounds the prosecutor's remarks concerning the standard for the State's burden of proof. The specific statement of which the appellants complained was: "Beyond a reasonable doubt does not mean beyond all doubt. It does not mean beyond a doubt; and it certainly does not mean to give the defendant the benefit of a doubt." The State argues that the appellant is procedurally barred from raising this argument, because no objection was made to this remark when it was made; the appellants did not object to this comment until the prosecutor finished his closing argument.
In Allen v. State, 659 So.2d 135 (Ala.Cr.App. 1994), this court held that a defendant's objection to allegedly improper comments made by a prosecutor during closing argument was untimely, where the comments were made at the close of the prosecutor's argument, and the motion for a mistrial was not made until after the trial court had given its instructions to the jury. This court stated:
 " 'To be timely, a motion for mistrial must be made "immediately after the question or questions are asked that are the grounds made the basis of the motion for the mistrial." Ex parte Marek, 556 So.2d 375, 379 (Ala. 1989). The motion is untimely if it is not made until the conclusion of the witness's testimony. Menefee v. State, 592 So.2d 642
(Ala.Cr.App. 1991); Robinson v. State, 584 So.2d 533 (Ala.Cr.App.), cert. quashed, 584 So.2d 542
(Ala. 1991).'
 " 'Powell v. State, 631 So.2d 289, 292-93, n. 2 (Ala.Cr.App. 1993). See also Pettway v. State, 607 So.2d 325, 331 (Ala.Cr.App. 1992).
 " ' "[Ex parte Marek, 556 So.2d 375 (Ala. 1989),] indicates that a motion for mistrial compensates for the lack of an objection or motion to strike as long as the motion for mistrial follows immediately after the offending question." Robinson v. State, 584 So.2d 533, 538 (Ala.Cr.App.) (emphasis in original), cert. quashed, 584 So.2d 542
(Ala. 1991).' Covington v. State, 620 So.2d 122, 126-27 (Ala.Cr.App. 1993).
 " 'Questions of the propriety of argument of counsel are largely within the trial court's discretion, McCullough v. State, 357 So.2d 397, 399 (Ala.Cr.App. 1978), and that court has given broad discretion in determining what is permissible argument. Hurst v. State, 397 So.2d 203, 208 (Ala.Cr.App), cert. denied, 397 So.2d 208 (Ala. 1981). Moreover, this Court has stated that it will not reverse unless there has been an abuse of that discretion. Miller v. State, 431 So.2d 586, 591 (Ala.Cr.App. 1983).
" '. . . .
 " '. . . In reviewing allegedly improper prosecutorial comments, conduct, and questioning of witnesses, the task of this Court is to consider their impact in the context in the particular trial, and not to view the allegedly improper acts in the abstract. Whitlow v. State, 509 So.2d 252, 256 (Ala.Cr.App. 1987); Wysinger v. State, 448 So.2d 435, 438 (Ala.Cr.App. 1983); Carpenter v. State, 404 So.2d 89, 97
(Ala.Cr.App. 1980), cert. denied, 404 So.2d 100
(Ala. 1981). Moreover, this Court has also held that statements of counsel in argument to the jury must be viewed as delivered in the heat of debate; such statements are usually valued by the jury at their true worth and are not expected to become factors in the formation of the verdict. Orr v. State, 462 So.2d 1013, 1016
(Ala.Cr.App. 1984); Sanders v. State, 426 So.2d 497, 509 (Ala.Cr.App. 1982).'
 "Bankhead v. State, 585 So.2d 97, 105-07
(Ala.Cr.App. 1989), remanded on other grounds, 585 So.2d 112 (Ala. 1991). *Page 1023 
 " '[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by doing so can it be determined whether the prosecutor's conduct affected the fairness of the trial.'
 "United States v. Young, 470 U.S. 1, 11, 105 S.Ct. 1038, 1044, 84 L.Ed.2d 1 (1985), quoted in Murry v. State, 562 So.2d 1348, 1354 (Ala.Cr.App. 1988)."
Allen v. State, supra 659 So.2d at 144-45.
In this case, the objection made by the appellants was clearly untimely; however, even if a timely objection had been made, viewing the prosecutor's statement in the context of the entire trial, it cannot be said that this statement affected the fairness of the trial, especially in light of the complete instructions as to the burden of proof given by the trial court to the jury.
 II.
Both appellants argue that the trial court erred in denying their motion for a directed verdict, because, they say, the State failed to establish a prima facie case of rape in the second degree. Linwood Butler bases this claim on his contention that the State failed to prove penetration; while Bill Butler bases this claim on his contention that the State not only failed to prove penetration but also failed to prove his age.
The record provides sufficient circumstantial evidence that both the appellants penetrated the victim. The victim clearly testified that the penises of both appellants were inside her vagina. According to § 13A-6-60(1), Code of Alabama 1975, penetration, as an element of the offense of rape, need only be slight and emission is not required. Moreover, it is clear that in Alabama the uncorroborated testimony of a rape victim can support a conviction of rape. See, e.g., Garrett v. State,580 So.2d 58, 60 (Ala.Cr.App. 1991); Smith v. State, 601 So.2d 201,205 (Ala.Cr.App. 1992). Linwood Butler further argues that, although a rape victim can establish a prima facie case of rape through her testimony alone; because in this case the victim's mental capacity is impaired, her testimony alone cannot support this conviction. He bases this claim on Smith v. State,345 So.2d 325 (Ala.Cr.App. 1976), cert. denied, 345 So.2d 329
(Ala. 1977), wherein the victim was a retarded woman. However, that case involved a common-law charge of rape and, therefore, is inapplicable. Smith v. State, supra at 327.
Bill Butler claims that the State did not sufficiently prove his age, i.e., that he was 16 years old or older and at least 2 years older than the victim at the time of the rape. The record is clear that the victim was 15 years old at the time of the offense; therefore, to be guilty of second degree rape Bill Butler had to have been at least 17 years of age at the time of the rape.
In Alabama, the age of the accused in a case charging second degree rape may be proved by circumstantial evidence.
 "There is . . . no requirement that the proof of age be established by direct evidence. 'It is uniformly the rule that a defendant's physical appearance may be considered by the jury in determining his or her age.' State v. Lauritsen, 199 Neb. 816, 819, 261 N.W.2d 755, 757 (1978); Torres v. State, 521 P.2d 386 (Alaska 1974); State v. Hemmenway, 80 S.D. 153, 120 N.W.2d 561 (1963); Ham v. State, 156 Ala. 645, 47 So. 126 (1908); Black v. Pate, 130 Ala. 514, 30 So. 434 (1900). 'Jurors are at liberty to use their senses of observation and draw inferences as to the age of an accused or witness from his physical appearance, and such will fill the evidentiary void otherwise present where no verbal or written testimony of age is introduced into evidence.' State v. Rowe, 238 A.2d 217, 222 (Me. 1968); ]State v. Fries, 246 Wis. 521, 17 N.W.2d 578 (1945); State v. Dorathy, 132 Me. 291, 170 A. 506 (1934); 2 Wigmore, Evidence
§ 222 (Chadbourn rev. 1979) ('Experience teaches us that corporal appearances are approximately an index of the age of their bearer, particularly for the marked extremes of old age and youth')."
Barnett v. State, 488 So.2d 24, 24-25 (Ala.Cr.App. 1986).
In Barnett v. State, supra at 25, this court noted that there must be proof of the defendant's *Page 1024 
age in addition to his physical appearance. However, this proof need not be conclusive of the defendant's age and may be presented through circumstantial evidence. By footnote, this court stated that the reason for requiring the additional evidence was to provide a reviewing court, which will in all likelihood not see the defendant, with some basis for an evaluation of the appellant's age.
In this case, there was sufficient circumstantial evidence to establish that Bill Butler was over the age of 17 at the time of the offense. The victim testified that Bill Butler was a "grown up." There was evidence presented that Bill Butler had been married for six months when the incident took place, and that he had been previously married, and that he fathered three children during this earlier marriage. Moreover, Bill Butler admitted that he had been drinking before the offense, which implies that he was at least 21 years of age. This evidence in corroboration with his physical appearance is sufficient to establish that Bill Butler was over the age of 17 at the time of the offense. See Hawkins v. State, 549 So.2d 552, 555-56
(Ala.Cr.App. 1989); Weaver v. State, 568 So.2d 309, 311-12
(Ala.Cr.App. 1989).
 III.
The appellants argue that the indictment was insufficient in that it failed to state the date on which the rape occurred. The record indicates that the appellants moved for more definite statement on this ground, and because the State failed to give a more specific date, they claim that their defense of alibi was prejudiced. However, the date of the offense is not required to be included in the indictment. § 15-8-30, Code ofAlabama 1975. Time is not a material element of rape, and, therefore, its omission from an indictment is not fatal. Ruffinv. State, 582 So.2d 1159, 1161 (Ala.Cr.App. 1991); Sasser v.State, 494 So.2d 857 (Ala.Cr.App. 1986). The record indicates that the offense occurred sometime in July 1992. The indictment was sufficient to charge the offense of rape in the second degree and to put both appellants on notice of that charge.
 IV.
Appellant Bill Butler argues that the trial court erred in denying his motion for a directed verdict or, in the alternative, a judgment of acquittal, because, he says, the evidence was insufficient to sustain his conviction. However, as is clear from the evidence presented by the State, set out above, the State provided sufficient evidence to submit the case to the jury.
Rape in the second degree is defined by § 13A-6-62, Code ofAlabama 1975, as follows:
 "(a) A male commits the crime of rape in the second if:
 "(1) Being sixteen years or older, he engages in sexual intercourse with a female less than sixteen and more than twelve years; provided, however, the actor is at least two years older than the female."
In this case, the State sufficiently proved Bill Butler's age, see Part II of this opinion, and that he engaged in sexual intercourse with the victim. Moreover, the record indicates that the victim was 15 years old at the time of the rape. There was sufficient evidence to allow the case to be submitted to the jury, and the jury's verdict was not clearly wrong.White v. State, 546 So.2d 1014, 1016-17 (Ala.Cr.App. 1989).
 V.
Bill Butler argues that certain remarks made by a witness were highly prejudicial and required the granting of a mistrial. Specifically, Bill Butler alleges that references by a State's witness to other charges previously made by the victim against her father were so prejudicial that he was deprived of a fair trial, despite the fact the statements referred not to him but to a co-defendant. The record indicates that, following the witness's statement that "there had been previous incidents of incest by the father," defense counsel for both appellants made general objections and moved for a mistrial without stating any specific grounds.
 "The trial court will not be put in error for overruling objections or motions where no specific or legal grounds are stated. Generally, specific objections are necessary before *Page 1025 
the ruling of the trial judge is subject to review. McClary v. State, 291 Ala. 481, 282 So.2d 384 (1973). That is, unless the ground is so obvious that the trial court's failure to act constitutes prejudicial error. Stennett v. State, Ala.Cr.App., 340 So.2d 60, reversed and remanded, Ala., 340 So.2d 65, on remandment, Ala.Cr.App., 340 So.2d 67, cert. denied, Ala., 340 So.2d 68 (1976)."
Slinker v. State, 344 So.2d 1264, 1266-67 (Ala.Cr.App. 1977).
In this case, the reference was not to another crime committed by either appellant, but rather to prior offenses by an accomplice. Moreover, evidence of these offenses was not patently inadmissible under the broadened rules of Bowden v. State, 538 So.2d 1226,1233 (Ala. 1988). See also Staten v. State, 547 So.2d 607
(Ala. 1989); Jones v. State, 580 So.2d 97 (Ala.Cr.App. 1991).
Therefore, this argument was not preserved for purposes of appeal. The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.