On Application for Rehearing

McMILLAN, Judge.
This Court’s opinion of March 6, 1998, is withdrawn and the following is substituted therefor.
The appellant, Bill Butler, was convicted of second-degree rape and was sentenced to 20 years’ incarceration. His conviction was affirmed by this Court on March 3, 1995. Butler v. State, 659 So.2d 1021 (Ala.Cr.App.1995). This appeal arises from the trial court’s denial of his second Rule 32, Ala. R.Crim.P., petition. The appellant asserts that this denial is due to be reversed because, he says, the trial court failed to make specific findings of fact on each material issue raised in his petition.
In this Rule 32 petition, the appellant raises four issues. He asserts that his trial counsel was ineffective for failing to make a timely objection to remarks of the prosecutor regarding the State’s burden of proof and for failing to call the victim’s mother as a witness despite stating in opening statement he would do so. Secondly, the appellant alleges prosecutorial misconduct, claiming that during opening and closing arguments the prosecutor “testified” to evidence that was not admitted at trial. Thirdly, the appellant claimed that the indictment was fatally defective because, he says, it failed to state the precise time of the offense. Finally, according to the appellant, the trial court was without jurisdiction to impose sentence because the indictment was never read to the jury and thus, he argues, jeopardy never attached.
The circuit judge deciding the Rule 32 petition, who was the same judge who had presided over the appellant’s trial, issued a written order summarily denying the petition, addressing the first two issues raised by the appellant. The first was raised in his first petition and the second could have been, but was not, raised on direct appeal. The remaining issues were not specifically addressed.
A trial court need not make specific findings concerning the appellant’s allegations if the petition was properly summarily denied. Fincher v. State, 724 So.2d 87 (Ala.Cr.App.1998). In the present case, the petition was properly summarily denied. The trial court noted that the first two claims were precluded, and the record indicates that the issue concerning the defectiveness of the indictment, specifically concerning a date, was raised and disposed of on direct appeal. Moreover, the appellant’s claim concerning the reading of the indictment to the jury is nonjurisdictional, and therefore could have *829 been raised on direct appeal. A trial court may summarily deny a petition that it determines is precluded, pursuant to Rule 32.7(b). Sumlin v. State, 710 So.2d 941 (Ala.Cr.App.1998). Thus, in this case, the trial court’s summary dismissal of the appellant’s Rule 32 petition was proper and is due to be affirmed.
OPINION OF MARCH 6, 1998, WITHDRAWN; OPINION SUBSTITUTED; REHEARING GRANTED; AFFIRMED.
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.