651 So.2d 458 (1995)
STATE of Louisiana, Plaintiff-Appellee,
v.
Charles W. GUIDRY, Defendant-Appellant.
No. CR94-897.
Court of Appeal of Louisiana, Third Circuit.
March 1, 1995.
*459 Michael Harson, Lafayette, for State of La.
G. Paul Marx, Lafayette, for Charles W. Guidry.
Before YELVERTON, THIBODEAUX and DECUIR, JJ.
YELVERTON, Judge.
A jury found defendant, Charles Guidry, guilty of one of two counts of indecent behavior with a juvenile, a violation of La.R.S. 14:81. He appeals his conviction alleging two assignments of error.

FACTS:
Sometime in May of 1993, the mother of a six-year-old daughter overheard the child tell a friend that once when she and another friend named Nicole spent the night at the defendant's house, the defendant came into the room where they were sleeping, lifted up her gown, pulled down her panties, and licked her. The mother confronted her daughter who then gave her the details of what had happened. The mother notified the authorities and the defendant was subsequently arrested. Both the mother and the child testified at the trial. The child testified that she was seven years old and she told what happened. Her mother testified as to both the overheard conversation, and also her daughter's narration to her as to what happened.

ASSIGNMENT OF ERROR NO. 1:
This assignment of error questions the sufficiency of the evidence.
La.R.S. 14:81 provides, in pertinent part:

*460 Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense.
Although the defendant's age cannot be ascertained from the trial record, the transcript of his sentencing indicates he is sixty-three years old. The defendant testified that his wife and child were killed in New York City in 1953 or 1954. In State v. Zihlavsky, 505 So.2d 761 (La.App. 2d Cir.), writ denied, 511 So.2d 1152 (La.1987), where there was no direct evidence that the defendant was at least three years older than the victims as required by La.R.S. 14:89.1, the court found sufficient evidence of the defendant's age to support the conviction. The court relied on the fact that the defendant's physical appearance was open to view by the jury and that there was evidence that the defendant belonged to "Parents Without Partners". See also State v. Shelton, 545 So.2d 1285 (La.App. 2d Cir.1989), writ denied, 552 So.2d 377 (La.1989). In our case, we find sufficient proof that the defendant was over seventeen and the victim under seventeen years of age, with an age difference of greater than two years between the two.
A lewd or lascivious act is one tending to excite lust in a sexually immoral context. State v. Holstead, 354 So.2d 493 (La. 1977). In State v. Kohl, 524 So.2d 781 (La. App. 3d Cir.1988), we held that the victim's testimony that the defendant pulled her underwear down and rubbed his face in her vaginal area was sufficient evidence to conclude that the defendant committed the act with the intent of arousing or gratifying his sexual desires. In the present case, the victim's testimony was sufficient to prove that the defendant committed a lewd or lascivious act upon her. The determination of the credibility of a witness is a function of the trier of fact. The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Jeansonne, 580 So.2d 1010 (La.App. 3d Cir.), writ denied, 584 So.2d 1170 (La.1991). The jury believed the testimony of the child. The evidence, viewed in a light most favorable to the prosecution, supports the verdict of guilty. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2:
By this assignment of error, the defendant contends the trial court erred in not requiring the State to establish the nature and contents of the first report of sexual abuse and in not limiting the testimony of the victim's mother.
Defendant objected at trial to the hearsay testimony of the victim's mother concerning the conversation she overheard between her daughter and her daughter's friend and the testimony regarding what her daughter described to her as to what had happened. The court heard the statements and approved their admission, overruling defendant's objection. We agree that the statements were an exception to the hearsay rule under La.Code Evid. art. 801(D) which provides, in pertinent part:
D. Statements which are not hearsay. A statement is not hearsay if:
(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:
* * * * * *
(d) Consistent with the declarant's testimony and is one of initial complaint of sexually assaultive behavior.
La.Code Evid. art. 801D(1)(d) codifies and continues to recognize the admissibility of the original complaint of a young victim of sexually assaultive behavior made to another person at the first reasonable opportunity. State v. Hillman, 613 So.2d 1053 (La.App. 3d Cir.1993), writ denied, 617 So.2d 1181 (La. 1993). Defendant argues that the testimony should not have been allowed because it was a conversation between two children talking in private and not a report of abuse at all. *461 We find that both the conversation the mother overheard and the victim's admission to her mother, identical versions, together constituted the initial complaint. Although it was the victim's mother who prompted the victim to tell her the facts of what happened, that was part of the initial complaint. This assignment of error lacks merit.
The conviction is affirmed. The case is remanded for the following limited purpose. The district court is ordered to inform the defendant of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and file written proof in the record that the defendant received notice.
AFFIRMED; REMANDED FOR LIMITED PURPOSE.