735 So.2d 56 (1999)
STATE of Louisiana
v.
Warren J. DAY.
No. 98-KA-964.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1999.
*57 Bruce G. Whittaker, Louisiana Appellate Project, Gretna, Louisiana, Attorney for Appellant.
Paul D. Connick, Jr., District Attorney, 24th Judicial District Court, Parish of Jefferson, State of Louisiana, Thomas J. Butler, Terry M. Boudreaux, Assistant District Attorneys, Appellate Counsel, Donald R. Rowan, Jr., Assistant District Attorney, Trial Counsel, Gretna, Louisiana, Attorneys for Appellee State of Louisiana.
Panel composed of Judges H. CHARLES GAUDIN, JAMES L. CANNELLA and MARION F. EDWARDS.
CANNELLA, Judge.
Defendant, Warren J. Day, appeals his conviction of two counts of indecent behavior with a juvenile, violations of La.R.S. 14:81. We affirm the conviction in Count 2 and reverse the conviction in Count 5.
On June 4, 1998, defendant was tried before a jury on count two and five of a five count bill of information. He was found guilty as charged on both counts. On June 23, 1998, he was sentenced on each count to concurrent terms of 7 years imprisonment at hard labor.
On the same day on which he was sentenced, defendant was arraigned on an habitual offender bill of information as a third-time felony offender. Defendant pled not guilty. He filed a Motion to Quash the habitual offender bill, alleging that the prior offenses were based on invalid guilty pleas. A hearing on the habitual offender charge was conducted on August 26, 1998. The trial judge found defendant to be a third-time felony offender. The trial judge then vacated the previously imposed sentence on Count 2 and sentenced him to 10 years imprisonment at hard labor. The sentence was ordered to run concurrently with the previously imposed 7 year imprisonment at hard labor.
At trial, the State presented the following evidence relating to Count 2 of the bill of information. Krista Martin testified that on or about October 7, 1997, while she was roller-skating with a friend who was pulling her with a bicycle, she was approached by a man in a white car who told her that he was looking for a black dog. As her playmate spoke to the man, Krista noticed that the man was playing with what she later described as a "pink cone." *58 He was "moving around" and had the "cone" on his penis, which was erect. (R., p. 66) Krista stated that the man did not touch her and she identified the defendant as the man in the white car.
The State presented the following testimony relating to Count 5 of the bill of information. Stephanie Reynolds testified that on October 14, 1997, as she and some friends walked home from their school bus stop, a man in a two-door white car stopped and asked if they had seen a white and black dog. She stated that they told him that they had not seen the dog and they kept walking. The man backed up and spoke to the girls again. Stephanie Reynolds testified that the man was playing with a plastic, simulated penis at that time and was "moving it [the simulated penis] up and down with his hand" with a "a smirk on his face." (R., p. 50) Although the man held the object between his legs, she testified that she didn't notice whether his pants were down or if his genitals were exposed. She did notice, however, that the simulated penis was in the man's crotch area. She stated that the man didn't touch her, but that he laughed at the girls as he drove away. Stephanie identified the defendant as the man in the white car.
Shanna Shephard corroborated Stephanie Reynolds' testimony. She stated that, while walking home from the bus stop with Stephanie Reynolds on October 14, 1997, she saw the man in the car who claimed to be looking for his dog. The man was "grinning." (R., p. 57) When she looked into the car, the man was playing with a simulated penis. (R., p. 57) She testified that, "he was like rubbing his hand up and down" and that, as the man played with the object, "he was smiling and looking down like for me to look down and notice what he was doing." (R., pp. 58, 60) Shanna stated that the man didn't touch her. She also identified defendant as the man in the white car.
Detective Buddy Hartle of the Jefferson Parish Sheriff's Office testified that he conducted photographic line-ups with the witnesses and that all three of the witnesses identified defendant as the man who had approached them on October 14, 1997. Detective Hartle stated that the defendant was born on December 12, 1959.
On appeal, defendant asserts that the evidence was insufficient to support the verdict. Defendant also assigns any errors patent on the face of the record.
Defendant argues that the State failed to introduce sufficient evidence to prove an essential element of the crime, that the victims were under the age of 17 at the time of the incidents. The State responds that the jury was able to view the witnesses when they testified and was able to conclude beyond a reasonable doubt that the victims were under the age of 17 years.
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Ortiz, No. 96-KA-1609 (La.10/21/97), 701 So.2d 922, 930; State v. Styles, 96-897 (La.App. 5th Cir. 3/25/97), 692 So.2d 1222, 1232.
In order to prove guilt by circumstantial evidence, the State must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. This is not separate from the Jackson standard. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. State v. Ortiz, 701 So.2d at 930.
The offense of indecent behavior with a juvenile is defined by La.R.S. 14:81, which provides in pertinent part:
A. Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, *59 where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense.
To convict a defendant of this offense, the State must prove that (1) the defendant was over the age of seventeen and more than two years older than the victim, who was not yet seventeen; (2) the defendant committed a lewd or lascivious act upon the person or in the presence of a child; and (3) that the defendant intended to arouse or gratify either his own or the victim's sexual desires. State v. Schenck, 513 So.2d 1159, 1165 (La.1987).
The testimony of the victims reflects that they were still in school at the time of the incidents described at trial. Stephanie Reynolds testified that she was a junior at Bonnabel High School in October of 1997. Shanna Shephard testified that she was also attending Bonnabel High School at that time. Krista Martin testified that she was a student at "Snakenburger" at the time.[1]
In support of its argument, the State cites three cases in which the appellate court found that jury observation and circumstantial evidence could be used to infer the age of a defendant when no direct evidence of the defendant's age was presented. There are no cases involving circumstantial proof of the victims' ages.
In State v. Zihlavsky, 505 So.2d 761 (La.App. 2nd Cir.1987), the defendant was convicted of two counts of aggravated crime against nature, in violation of La. R.S. 14:89.1. On appeal, defendant attacked the lack of direct evidence proving that defendant was at least three years older than his juvenile victims, an essential element of the crime. In upholding defendant's conviction, the court relied on the fact that the defendant's physical appearance was open to view by the jury, that defendant was a member of the group, "Parents without Partners," and that he was tried as an adult. State v. Zihlavsky, 505 So.2d at 765-766.
In State v. Shelton, 545 So.2d 1285 (La. App. 2nd Cir.1989), the defendant was convicted of molestation of a juvenile, a violation of La.R.S. 14:82.1. There was no direct evidence introduced that defendant was over the age of seventeen when the incident occurred. However, the evidence showed that defendant was married to the victims's mother. That, combined with the jury seeing the defendant at trial and that he was being tried as an adult, was found sufficient to prove that defendant was over the age of seventeen at the time of the offense. State v. Shelton, 545 So.2d at 1294.
More recently, in State v. Guidry, 95-897, (La.App. 3rd Cir. 3/1/95), 651 So.2d 458, the defendant was convicted of two counts of indecent behavior with a juvenile, in violation of La.R.S. 14:81, the same offense charged in this case. In Guidry, the defendant's actual age could not be ascertained from the trial transcript.[2] However, defendant testified that his wife and child were killed in 1953 or 1954. The Third Circuit, citing State v. Zihlavsky, held that this and the fact that the jury viewed defendant's physical appearance was sufficient proof that the defendant was over seventeen to support his conviction for indecent behavior with a juvenile. State v. Guidry, 651 So.2d at 460.
In viewing the evidence in the light most favorable to the State in Count 5, we find that the state failed to meet its burden of proving the ages of Shanna Shephard *60 and Stephanie Reynolds at the time of the incident. In the cases analyzed above, other facts corroborated the allegation that the defendants were of age to be convicted. In this case, we do not have the benefit of viewing the witnesses, but know that there is very little difference between the way a child looks at 17 years of age and the way she looks at 18. Further, the fact that a witness is in high school does not prove that the student is 17 or younger, and that fact cannot be presumed. Therefore, since the State did not prove that the victims in Count 5 were under 17 years old, we reverse the conviction in Count 5.
However, we reach a different result as to Krista Martin and count two. We can and do take judicial notice of the fact that the school which she attends is Schneckenburger Elementary School in Kenner, Louisiana. La.C.E. art. 201. See: State v. Miskel, 95-584 (La.App. 5th Cir. 1/30/96), 668 So.2d 1299, 1304. Elementary students are very unlikely be over the age of seventeen. This fact and the fact that the jury viewed the victim, is proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential element that the victim is under the age of 17 beyond a reasonable doubt. Thus, we find that the jury did not err in convicting defendant of Count 2 of the bill of information.
We have also reviewed the case for patent error, pursuant to C.Cr.P. 920 and find none.
Accordingly, the conviction on Count 2 of the bill of information are hereby affirmed. The conviction on Count 5 of the bill of information is hereby reversed.
CONVICTION IN COUNT 2 IS AFFIRMED AND IN COUNT 5 IS REVERSED.
NOTES
[1] In its appellate brief, the State asserted that the ages of the victims were listed in a Supplemental Police Report of the Kenner Police Department. However, this police report was not introduced into evidence at trial, nor did any witness testify to its contents. Evidence not introduced at trial cannot be considered by the appellate court.
[2] The sentencing transcript indicated that defendant was sixty-three years old. State v. Guidry at 460.