NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-780

STATE OF LOUISIANA

VERSUS

STANLEY CHARLES YOUNG, III

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 10-648
HONORABLE WARREN D. WILLETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and John E. Conery, Judges.

AFFIRMED.  REMANDED WITH INSTRUCTIONS.

James P. Lemoine
District Attorney
Renee W. Dugas
Assistant District Attorney
200 Main Street
Colfax, Louisiana  71417
(318) 627-2971
Counsel for Appellee:
        State of Louisiana

**Edward J. Marquet**
**Louisiana Appellate Project**
**Post Office Box 53733**
**Lafayette, Louisiana 70505**
**(337) 237-6841**
**Counsel for Defendant/Appellant:**
      **Stanley Charles Young, III**

**KEATY, Judge.**

Defendant, Stanley Charles Young, III, was charged by bill of information with carnal knowledge of a juvenile, a violation of La.R.S. 14:80. Defendant entered a plea of not guilty and later filed a motion to waive trial by jury. Prior to trial, the State amended the bill of information to reflect a change in the date of the offense. After a bench trial, Defendant was found guilty.

Defendant was sentenced to serve five years at hard labor, with all but one year of the sentence suspended. Upon release from incarceration, Defendant was ordered to be placed on five years supervised probation and to pay a fine of $2,500 plus court costs. Defendant filed a motion to reconsider sentence which was denied after a contradictory hearing.

Defendant now appeals, asserting that the State failed to prove that the victim, J.S.,[1] was under the age of seventeen at the time of the offense. For the following reasons, we affirm.

## DISCUSSION

### *Facts*

At trial, J.S. testified that she was a runaway who told people she met that her name was S.P. and that she was twenty-one years old. J.S. met Rodney Holmes and entered into an arrangement to babysit his child. While living with Holmes, J.S. met Defendant.

J.S. testified that she and Defendant had consensual sex several times at Defendant's residence. J.S. also testified that she and Defendant never discussed her age, and she did not tell him she was twenty-one. J.S. further indicated she was not married to Defendant.

---

[1] We use the initials of the victim's given name and of the alias she used in order to keep her identity confidential in accordance with La.R.S. 46:1844(W).

At trial, J.S. gave her date of birth as July 15, 1994, and stated she was seventeen years old. She stated that she was fifteen years old in December 2009, the month in which the offense occurred. Defendant's driver's license listed his date of birth as July 5, 1978.

## *Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we note one error patent.

As a condition of probation, the trial court ordered Defendant to pay a fine of $2,500 and to pay a $750 fee to the Public Defender's Office; however, the court failed to impose a payment plan for the fine and fee.

In *State v. Wagner*, 07-127, p. 7 (La.App. 3 Cir. 11/5/08), 996 So.2d 1203, 1208 (citations omitted), this court held in pertinent part:

> When the fines and costs are imposed as a condition of probation, but the trial court is silent as to the mode of payment or the trial court attempts to establish a payment plan, this court has required a specific payment plan be established.

> We view this procedure as no different from payment plans for restitution.

> We, therefore, remand this case to the trial court for establishment of a payment plan for the fine, noting that the plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court.

> Similarly, the trial court's ordering the payment to the crime lab fund during the period of probation is an insufficient payment plan. We also remand the case to the trial court for establishment of a payment plan for these costs, noting that the plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court.

Consequently, we remand this case to the trial court for the imposition of a payment plan for the $2,500 fine and the $750 to be paid to the Public Defender's

2

Office as a condition of probation.  The plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court.

**ASSIGNMENT OF ERROR:**

In his only assignment of error, Defendant contends that the trier of fact erred in determining J.S. was a person less than seventeen years of age, a required element of the charged offense.

Defendant was convicted of carnal knowledge of a juvenile, which is committed when:

> A person who is seventeen years of age or older has sexual intercourse, with consent, with a person who is thirteen years of age or older but less than seventeen years of age, when the victim is not the spouse of the offender and when the difference between the age of the victim and the age of the offender is four years or greater . . . .

La.R.S. 14:80(A)(1).

> The standard of review in a sufficiency of the evidence claim is "whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged." *State v. Leger*, 05-11, p. 91 (La.7/10/06), 936 So.2d 108, 170, *cert. denied*, 549 U.S. 1221, 127 S.Ct. 1279, 167 L.Ed.2d 100 (2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Captville*, 448 So.2d 676, 678 (La.1984)).  The *Jackson* standard of review is now legislatively embodied in La.Code Crim.P. art. 821.  It does not allow the appellate court "to substitute its own appreciation of the evidence for that of the fact-finder." *State v. Pigford*, 05-477, p. 6 (La.2/22/06), 922 So.2d 517, 521 (citing *State v. Robe*rtson, 96-1048 (La.10/4/96), 680 So.2d 1165).  The appellate court's function is not to assess the credibility of witnesses or reweigh the evidence. *State v. Smith*, 94-3116 (La.10/16/95), 661 So.2d 442.

> The factfinder's role is to weigh the credibility of witnesses. *State v. Ryan*, 07-504 (La.App. 3 Cir. 11/7/07), 969 So.2d 1268. Thus, other than insuring the sufficiency evaluation standard of *Jackson*, "the appellate court should not second-guess the credibility determination of the trier of fact," but rather, it should defer to the rational credibility and evidentiary determinations of the jury. *Id.* at 1270 (quoting *State v. Lambert*, 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 726-27).

3

However, an appellate court may impinge on the fact finder's discretion and its role in determining the credibility of witnesses "only to the extent necessary to guarantee the fundamental due process of law." *State v. Mussall*, 523 So.2d 1305, 1310 (La.1988). In determining the sufficiency of the evidence supporting a conviction, an appellate court must preserve " 'the factfinder's role as weigher of the evidence' by reviewing 'all of the evidence . . . in the light most favorable to the prosecution.' " *McDaniel v. Brown*, 558 U.S. ____, ____, 130 S.Ct. 665, 674, 175 L.Ed.2d 582 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). When so viewed by an appellate court, the relevant question is whether, on the evidence presented at trial, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. Applied in cases relying on circumstantial evidence, . . . this fundamental principle of review means that when a jury "reasonably rejects the hypothesis of innocence presented by the defendant[ ], that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt." *State v. Captville*, 448 So.2d 676, 680 (La.1984).

> *State v. Strother*, 09-2357, pp. 10-11 (La.10/22/10), 49 So.3d 372, 378.

*State v. McKithern*, 11-1402, pp. 6-7 (La.App. 3 Cir. 5/2/12), 93 So.3d 684, 691.

Defendant argues that the State failed to present adequate evidence to establish the age of the victim, J.S. In support of his argument, Defendant cites *State v. Marigny*, 532 So.2d 420 (La.App. 1 Cir. 1988), wherein the defendant was convicted of carnal knowledge of a juvenile. Defendant asserts the first circuit reversed the conviction because the "only evidence introduced at trial relating to proof of sexual intercourse was that of the alleged victim." He further asserts that the first circuit "noted that no medical evidence was introduced notwithstanding that the victim had been taken to at least two doctors."

Defendant asserts that the only evidence introduced in the case at bar relating to J.S.'s age was the testimony of J.S., whom he characterized as a persistent liar. Defendant notes that no member of law enforcement, child

4

protection services, J.S.'s family, or J.S.'s friends presented any evidence that established her date of birth.

Defendant contrasts this case with *State v. Lee*, 465 So.2d 806 (La.App. 2 Cir.), *writ denied*, 468 So.2d 572 (La.1985), wherein the age difference between the defendant and the victim was established by the testimony of several witnesses, including the defendant. Defendant also cites *State v. Joseph*, 425 So.2d 1261, (La.1983), wherein the supreme court stated that the unrebutted testimony of a witness as to her age was sufficient to prove the fact. In support of this statement, the supreme court cited La.R.S. 15:430.1, which provided as follows:

> The testimony of a witness (otherwise deemed competent to testify) as to his or her own age, shall be admissible into evidence in all criminal prosecutions where it is necessary to prove the age of such person. However, such testimony shall be subject to rebuttal by competent evidence to the contrary. If no such evidence is presented, the court or the jury, as the case may be, may conclude that the original testimony of the witness as to his or her own age is sufficient. This section is declared to be an exception to the hearsay evidence rule.

As noted by Defendant, La.R.S. 15:430.1 was repealed by 1988 La. Acts No. 515, § 8, effective January 1, 1989. However, that statute's substance can be found in La.Code Evid. art. 803, which states:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> **(24) Testimony as to age.** A witness' testimony as to his own age.

Defendant asserts that J.S. was not trustworthy because she lied to Holmes about her age, she lied about her sexual relationship with Holmes, and she told everyone that she was twenty-one years old. He further asserts that the State could have easily presented reliable evidence of J.S.'s age by introducing a copy of her birth certificate; a copy of her baptismal certification; or through the testimony of

5

her mother, father, or sibling. Defendant contends that, in view of the lack of any physical form of identification regarding "who is [S.P.]/J.S., no rational trier of fact could conclude that the unreliable evidence/testimony established the age of [S.P.]/J.S."

The State counters that J.S.'s testimony as to her age is sufficient to sustain Defendant's conviction. The State notes that *Marigny*, 532 So.2d 420, involved a reversal of a conviction based on insufficient evidence of penetration. The State also notes there was no objection to J.S.'s testimony regarding her age, and Defendant failed to present conflicting evidence as to her age. Finally, the State submits that because the trial court observed J.S. first hand and determined she was believable, this court should not second guess that credibility determination.

In *State v. Herrin*, 562 So.2d 1 (La.App. 1 Cir.), *writ denied*, 565 So.2d 942 (La.1990), the defendant was convicted of three counts of aggravated oral sexual battery and one count of sexual battery. On appeal, he argued the trial court erred in allowing the admission of uncertified, unauthenticated photocopies of the victims' birth certificates as proof of the victims' ages. Addressing this issue, the first circuit found: "Even assuming, however, that the documents should not have been introduced, the victims' testimony sufficed to establish their ages." *Id.* at 7.

In *State v. Brown*, 627 So.2d 192, 197 (La.App. 3 Cir. 1993), *writ denied*, 93-3101 (La. 3/18/94), 634 So.2d 850, this court stated: "To establish . . . the age of the victim, a judge is permitted to take notice of defendant's physical appearance and that of the victim in determining whether he was more than three years older than the victim."

In *State v. Day*, 98-964 (La.App. 5 Cir. 3/10/99), 735 So.2d 56, the defendant was convicted of two counts of indecent behavior with a juvenile. On appeal, the defendant argued that the State failed to prove the victims were under

6

the age of seventeen at the time of the incidents. The fifth circuit noted there were no cases involving circumstantial proof of the victims' ages. It then set forth several cases addressing observation and circumstantial evidence used to infer a defendant's age when there was no direct evidence of such presented. The court then stated:

> In viewing the evidence in the light most favorable to the State . . ., we find that the state failed to meet its burden of proving the ages of [S.S.] and [S.R.] at the time of the incident. In the cases analyzed above, other facts corroborated the allegation that the defendants were of age to be convicted. In this case, we do not have the benefit of viewing the witnesses, but know that there is very little difference between the way a child looks at 17 years of age and the way she looks at 18. Further, the fact that a witness is in high school does not prove that the student is 17 or younger, and that fact cannot be presumed. Therefore, since the State did not prove that the victims in Count 5 were under 17 years old, we reverse the conviction in Count 5.

> However, we reach a different result as to [K.M.] and count two. We can and do take judicial notice of the fact that the school which she attends is Schneckenburger Elementary School in Kenner, Louisiana. La.C.E. art. 201. *See*: *State v. Miskel*, 95–584 (La.App. 5th Cir. 1/30/96), 668 So.2d 1299, 1304. Elementary students are very unlikely [to] be over the age of seventeen. This fact and the fact that the jury viewed the victim, is proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential element that the victim is under the age of 17 beyond a reasonable doubt. Thus, we find that the jury did not err in convicting defendant of Count 2 of the bill of information.

*Id.* at 59-60.

J.S. testified that her date of birth was July 15, 1994, and that she was fifteen years old at the time of the offense. Additionally, the trial court had the opportunity to observe J.S. when she testified. Based on *Herrin*, 562 So.2d 1, *Brown*, 627 So.2d 192, and *Day*, 735 So.2d 56, the testimony of J.S. and the trial court's opportunity to observe her were sufficient to prove J.S.'s age, and the State did not need to present any corroborating evidence of her age through testimony or documentation.

The verdict indicates that the trial court chose to believe J.S. when she testified that she was fifteen years old, and this court will not second guess that credibility determination. Thus, we conclude that the State proved, beyond a reasonable doubt, that J.S. was less than seventeen years of age at the time of the offense. Consequently, the trial court did not err in determining that the State proved that J.S. was less than seventeen years old at the time of the offense. There is no merit to Defendant's sole assignment of error.

## DECREE

Defendant's conviction and sentence are affirmed. This matter is remanded to the trial court to impose a payment plan for the fine and fee as conditions of probation. The plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court.

## AFFIRMED. REMANDED WITH INSTRUCTIONS.

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.