TERRI F. LOVE, Judge.
11 This appeal arises from the alleged sexual battery of a juvenile by the defendant, Jessie Johnson, Jr., who was sixty-nine years old at the time of the alleged incident. The jury found the defendant guilty of one count of sexual battery and the trial court sentenced him to twenty-five years at hard labor without benefit of probation, parole or suspension of sentence, with credit for time served. The defendant contends that there was insufficient evidence to warrant a conviction. The defendant also alleges that his sentence is excessive because the jury did not determine the age difference between him and the alleged victim. We find that the age difference between the defendant and the victim was discernable by the jury and that the record contains sufficient evidence to warrant a conviction. Therefore, we affirm.

*996
FACTUAL BACKGROUND AND PROCEDURAL HISTORY

T.H.,[1] the -victim’s mother, stated that on October 10, 2009, her mother-in-law, Wanda Pearson,[2] lived on Orleans Avenue. Jessie Johnson, Jr. and Ms. Pearson began cohabitating in 2004. They resided on St. Phillip Street prior to living on Orleans Avenue. On Saturday night, T.H. received a phone call from her brother-in-law who instructed her to go to Ms. Pearson’s house because Mr. Johnson sexually assaulted her daughter. When T.H. arrived at Ms. Pearson’s house, the victim was in one room, and Ms. Pearson and Mr. Johnson were arguing in another room. T.H. went to her daughter and asked what happened. The victim told her mother about the incident, which allegedly occurred when Ms. Pearson and Mr. Johnson lived on St. Phillip Street. T.H. then called the police to inform them Mr. Johnson sexually assaulted her daughter.
Detective Ruben Henry, a member of the New Orleans Police Department’s (“NOPD”) child abuse unit, testified that he investigated the alleged abuse perpetrated upon the victim. Detective Henry stated that he received a call from the First District unit that first arrived on the scene on October 11, 2009. When the initial NOPD officer arrived on the scene, he spoke with the victim, her mother, and Ms. Pearson, separately. Several family members were outside of the house desiring to exact revenge upon Mr. Johnson. Mr. Johnson was in the back seat of a police car, being detained by Officer Frank Robinson. Detective Henry learned that the victim alleged that Mr. Johnson touched her inappropriately underneath her clothes when Ms. Pearson and Mr. Johnson resided in a home on St. Phillip Street in March 2009. Mr. Johnson was arrested.
Detective Henry stated that a forensic interview was conducted with the victim at the New Orleans Children’s Advocacy Center (“NOCAC”) by Ms. Joann Verret. Det. Henry viewed the interview through a video monitoring system. During the interview, the victim indicated that Mr. Johnson touched her in a personal spot and identified the personal spot as her vaginal area.
Ms. Pearson testified that she met Mr. Johnson in 2004. In March 2009, they were living together at 1926 St. Phillip Street. Ms. Pearson stated that she and Mr. Johnson had separate bedrooms. She further testified that she was the leaseholder for the residence on St. Phillip Street, and she could have asked Mr. Johnson to leave at any time.
In October 2009, Ms. Pearson and Mr. Johnson lived on Orleans Avenue. On the weekend of October 10-11, 2009, the victim was visiting her grandmother for the weekend. On the night of October 10th, Ms. Pearson was sleeping in her bedroom when the victim came to her, crying hysterically, and stated that Mr. Johnson touched her. The victim told Ms. Pearson that Mr. Johnson touched her when Ms. Pearson and Mr. Johnson lived in a house on St. Phillip Street. The victim told Ms. Pearson about the alleged touching that night because she had to pass through Mr. Johnson’s bedroom to go to the bathroom yet again. Ms. Pearson called her children and then confronted Mr. Johnson, who stated that nothing happened. Mr. Johnson went to the backyard when Ms. Pearson’s children arrived.
The victim testified that Mr. Johnson lived with her grandmother and that they *997 had separate bedrooms. She stated that one day, Mr. Johnson was watching television in his room and her grandmother was sleeping. The victim walked through Mr. Johnson’s room to go to the bathroom, and he grabbed her. Then Mr. Johnson allegedly touched her private area. The victim testified that Mr. Johnson put his hand under her clothes and underwear, and she felt his hand on her body. The victim tried to scream, but Mr. Johnson covered her mouth. Mr. Johnson told the victim not to tell anyone. She did not tell anyone because she was afraid. The victim finally told her grandmother on the night of October 10, 2009. The victim then identified Mr. Johnson at trial as the perpetrator.
Ms. Verret, a forensic interviewer with the NOCAC, testified that she conducted an interview with the victim on October 13, 2009. The victim was six years old at that time. Only Ms. Verret and the victim were in the room during the interview, which was videotaped. Ms. Verret identified the videotape, which was played for the jury.
Dr. Jamie Jackson, a pediatrician who specializes in child abuse, was one of the physicians who examined the victim at Children’s Hospital. Dr. Jackson completed the medical history on the victim. Dr. Yameiha Head conducted an incident history and examined the victim. Dr. Jackson was present during the examination. Dr. Jackson identified the medical report prepared as a result of the examination. Dr. Jackson testified that delayed reporting of abuse is common among children. She stated that it is not unusual for children to leave out or add details from their statements. Dr. Jackson further testified that most of the time, physical signs of trauma are not found after abuse because the tissues tend to heal by the time the victims are seen by a physician. She further stated that there can be sexual abuse without any visible injury.
Mr. Johnson testified that at the time of trial, he was seventy-one years of age. In October of 2009, he was sixty-nine years old. Mr. Johnson stated that he knew Ms. Pearson since 2004. They dated for a short while, and he moved in with Ms. Pearson when he was evicted from a residence shared with a friend. They moved to 1926 St. Phillip Street in February 2007, and later moved to 2215 St. Phillip Street. On October 11, 2009, they lived on Orleans Avenue. The victim spent the day and night with him and Ms. Pearson. The victim slept with her grandmother. Mr. Johnson denied touching the victim.
Mr. Johnson was charged with one count of sexual battery, in violation of La. R.S. 14:43.1, and pled not guilty at his arraignment. After a preliminary hearing, the trial court found probable cause. A jury found Mr. Johnson guilty as charged.
Mr. Johnson then filed motions for new trial and post-judgment verdict of acquittal. The trial court denied both motions. Mr. Johnson waived delays, and the trial court sentenced him to serve twenty-five years at hard labor without benefit of probation, parole or suspension of sentence, with credit for time served. Mr. Johnson’s motion for reconsideration of sentence was denied. Mr. Johnson’s appeal followed.

ERRORS PATENT

A review of the record for errors patent reveals none.

SUFFICIENCY OF THE EVIDENCE

Mr. Johnson contends that the State failed to produce sufficient evidence to support the conviction for sexual battery.
“The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia,” 443 *998 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), “requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt.” State v. Rosiere, 488 So.2d 965, 968 (La.1986). However, the reviewing court may not disregard this duty “simply because the record contains evidence that tends to support each fact necessary to constitute the crime.” State v. Mussall, 523 So.2d 1305, 1311 (La.1988). “The reviewing court must consider the record as a whole since that is what a rational trier of fact would do.” State v. Shaw, 07-1427, p. 15 (La.App. 4 Cir. 6/18/08), 987 So.2d 398, 407, quoting State v. Ragas, 98-0011, p. 13 (La.App. 4 Cir. 7/28/99), 744 So.2d 99, 107, quoting State v. Egana, 97-0318, p. 6 (La.App. 4 Cir. 12/3/97), 703 So.2d 223, 228. “If rational triers of fact could disagree as to the interpretation of the evidence, the rational triers’ view of all the evidence most favorable to the prosecution must be adopted.” Egana, 97-0318, p. 6, 703 So.2d at 228. “The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law.” Id. “[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence.” State v. Smith, 600 So.2d 1319, 1324 (La.1992).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372, 378 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, but rather an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198, 1201 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817, 820 (La.1987). Additionally, the function of an appellate court is not to evaluate the credibility of the witnesses and to overturn the jury on its factual determination of guilt. State v. Richardson, 425 So.2d 1228, 1232 (La.1983). “In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’ testimony, if believed by the trier of fact, is sufficient support for the requisite factual findings.” State v. Turner, 03-325, p. 8 (La.App. 5 Cir. 6/19/03), 850 So.2d 811, 816.
La. R.S. 14:43.1(A)(1) defines sexual battery, in pertinent part, as “the intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender ... without the consent of the victim.” In the present matter, the victim testified that Mr. Johnson grabbed her as she was walking through his bedroom to go to the bathroom. The victim attempted to scream but Mr. Johnson covered her mouth. Mr. Johnson then put his hand underneath the victim’s clothes and underwear and touched her “personal area.” Evidence presented from the forensic interview with Ms. Verret clarified the victim’s “personal area” to be her vagina. Mr. Johnson testified that he did not assault the victim and had never touched her. The jury, as the trier of fact, chose to accept the victim’s testimony. Therefore, we find that the record contains sufficient evidence to support Mr. Johnson’s conviction for sexual battery and affirm.

*999
EXCESSIVE SENTENCE

Mr. Johnson asserts that the trial court imposed an excessive sentence because there was no evidence of the age difference between him and the alleged victim. La. R.S. 14:48.1 provides for an enhanced sentence when the victim is under the age of thirteen years and the offender is over the age of seventeen years. La. R.S. 14:48.1 provides, in pertinent part, that “[w]hoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years.” La. R.S. 14:43.1(C)(2). The statute additionally provides that at least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence. La. R.S. 14:43.1(0(2).
The trial court sentenced Mr. Johnson pursuant to this provision, ordering that Mr. Johnson be sentenced to twenty-five years at hard labor, without benefit of parole, probation, or suspension of sentence. Mr. Johnson contends that the sentence violates Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in which the United States Supreme Court held that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” Id., 530 U.S. at 490, 120 S.Ct. 2362-63.
In State v. Gibson, 09-486, p. 9 (La.App. 5 Cir. 3/9/10), 38 So.3d 373, 378, the defendant argued that the trial court erred in imposing sentence under La. R.S. 14:43.1 (C)(2) “because neither the jury’s verdict nor the jury instructions referenced the additional age requirements of La. R.S. 14:43.1(0(2).” The court discussed Apprendi and its progeny, determining that the trial court’s error was an Apprendi violation, but that it was subject to a harmless error review.
In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the petitioner pleaded guilty to a state offense with a sentencing range of five to ten years. However, the trial court imposed a twelve-year sentence pursuant to a hate crime statute that allowed a sentence to be enhanced if the trial judge found by a preponderance of the evidence that the crime was motivated by racial bias. Id., 530 U.S. at 470, 120 S.Ct. 2348. The Supreme Court held “that [o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” Id., 530 U.S. at 490, 120 S.Ct. 2348. The Court reversed the judgment of the Supreme Court of New Jersey and remanded for further proceedings. Id., 530 U.S. at 497, 120 S.Ct. 2348.
In Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), the petitioner was sentenced to death after being convicted of capital felony-murder, armed robbery, and related charges. Under then extant Arizona law, after a jury adjudicated that a defendant was guilty of capital felony-murder, the trial judge alone determined the presence or absence of the aggravating factors required by law for imposition of the death penalty. Id., 536 U.S. at 592-93, 122 S.Ct. 2428. The Court, citing language from Apprendi, stated “[t]he dispositive question, we said, is one not of form, but of effect. If a State makes an increase in a defendant’s authorized punishment contingent on a finding of fact, that fact — no matter how the State labels *1000 it — must be found by a jury beyond a reasonable doubt.” Id., 536 U.S. at 602, 122 S.Ct. 2428 (citations omitted). The Supreme Court concluded that because “Arizona’s enumerated aggravating factors operate as the functional equivalent of an element of a greater offense, the Sixth Amendment requires that they be found by a jury.” Id., 536 U.S. at 609, 122 S.Ct. 2428 (citations omitted). Accordingly, the Court reversed the judgment of the lower court. Id.
In Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the United States Supreme Court clarified its previous holdings in Ring and Apprendi. In Blakely, the petitioner pleaded guilty to kidnapping. The facts admitted in the petitioner’s guilty plea supported a maximum sentence of fifty-three months; however, pursuant to state law, the trial court imposed an “exceptional” sentence of ninety months after making a judicial determination that the defendant acted with “deliberate cruelty.” Id., 542 U.S. at 300-02, 124 S.Ct. 2531. The Supreme Court considered the holdings in Apprendi and Ring, recognizing that the facts supporting the sentence enhancement were neither admitted by the defendant nor found by a jury. The Court ultimately concluded that “the relevant ‘statutory maximum’ [for the purposes of Apprendi] is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.” Id., 542 U.S. at 303-04, 124 S.Ct. 2531 (emphasis in the original).
After considering the holdings of Apprendi, Ring, and Blakely, we conclude that trial court committed an Apprendi violation in this case. The relevant “statutory maximum” for a violation of La. R.S. 14:43.1 is ten years imprisonment with or without hard labor; this is the maximum sentence the trial court could have imposed without any additional findings. In order to sentence the defendant pursuant to the enhanced sentencing provision of La. R.S. 14:43.1 C(2), a finder of fact must determine that the defendant was seventeen years of age or older and that the victim was under the age of thirteen. The jury instructions did not reflect that the victim’s and the defendant’s ages are elements of the enhanced sentencing provision of La. R.S. 14:43.1 C(2).
* * * * * *
The state should have explicitly noted in the bill of information that La. R.S. 14:43.1 C(2) was applicable to the defendant given that sexual battery is a lesser included offense of aggravated rape. Moreover, the trial judge should have included a jury instruction reflecting that the defendant’s and the victim’s ages were elements of the enhanced sentencing provision.
* * * * * *
The fact that the trial court committed an Apprendi violation, however, does not end our analysis. In Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), the United States Supreme Court held that “a [jury] instruction that omits an element of the offense does not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence,” and harmless error analysis may be appropriate Id., 527 U.S. at 8-9, 119 S.Ct. 1827 (emphasis in original). Moreover, the Neder Court found that if a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the errone *1001 ous instruction is properly found to be harmless. Id., 527 U.S. at 17, 119 S.Ct. 1827.
In Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006), the Supreme Court applied Neder to an Apprendi violation. The alleged error in Recuenco was that the trial court subjected the defendant to a firearm enhancement at sentencing based solely on the jury’s finding that he was armed with a “deadly weapon.” The State of Washington conceded that the trial court committed an Apprendi error. Id., 548 U.S. at 212, 126 S.Ct. 2546. The State of Washington argued that the error was harmless, but the Washington Supreme Court determined that the error was a “structural error” requiring a reversal of his conviction. Id., 548 U.S. at 216, 126 S.Ct. 2546 (quoting Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1998)). The United States Supreme Court reversed the judgment of the Washington Supreme Court. The United States Supreme Court ultimately held that a “[fjailure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error” and remains subject to harmless error analysis. Id., 548 U.S. at 221, 126 S.Ct. 2546.
Gibson, 09-486, pp. 10-14, 38 So.3d at 379-81.
During the trial in Gibson, the victim testified as to her date of birth, which was also included on the bill of information. 09-486, p. 6, 38 So.3d at 376. While the defendant did not testify as to his date of birth, the victim’s mother testified that she and the defendant began a romantic relationship in 1996, when they were fourteen years of age. Gibson, 09-486, p. 14, 38 So.3d at 381. The victim’s mother also testified as to her date of birth. Id. The court found that this evidence was sufficient to establish that the victim was under the age of thirteen and the defendant was over the age of seventeen at the time of the offense. Gibson, 09-486, pp. 14-15, 38 So.3d at 381. The court also noted the jury could determine the age difference between the victim and the defendant by their physical appearances at trial. Id. The court recognized that
jury observation can be used to infer the age of a defendant when no direct evidence of defendant’s age is presented. State v. Day, 98-964 (La.App. 5 Cir. 3/10/99), 735 So.2d 56, 59; State v. Zihlavsky, 505 So.2d 761 (La.App. 2 Cir.1987), writ denied, 511 So.2d 1152 (La.1987). See also Zihlavsky, 505 So.2d at 764-65 (“[t]here is ... no requirement that the proof of age be established by direct evidence.”).
Gibson, p. 14, 38 So.3d at 381. The court went on to find that the State produced sufficient evidence for the jury to find that the defendant was seventeen years of age or older and that the victim was under the age of thirteen. Gibson, pp. 14-15, 38 So.3d at 381. The court concluded that although the trial court committed an Ap-prendi violation, the error was harmless. Gibson, p. 15, 38 So.3d at 381.
The Third Circuit in State v. Ardoin, 10-1018, pp. 31-32 (La.App. 3 Cir. 3/9/11), 58 So.3d 1025, 1044, writ denied, 11-0653 (La.10/14/11), 74 So.3d 218, found a similar error to be an Apprendi violation but also found that it constituted harmless error. In Ardoin, the trial court sentenced the defendant on his conviction for indecent behavior with a juvenile under the enhanced penalty provision of La. R.S. 14:18(H)(2). 10-1018, p. 27, 58 So.3d at 1042. The provision allows for an enhanced sentence when the victim is under the age of thirteen and the offender is seventeen years of age or older. Id. The *1002 defendant argued on appeal that the trial court erred in imposing an enhanced sentence because the jury did not make a determination as to the victim’s age. Id. The Third Circuit discussed the Gibson case and its application of Apprendi and Neder. The court noted that the State should “have noted in the bill of information that the enhanced sentence” was applicable to the defendant and that the trial court should have provided a jury instruction indicating the victim’s and defendant’s ages were elements of the offense. Ardoin, 10-1018, pp. 81-32, 58 So.3d at 1044. However, the court noted that these errors were harmless. Ardoin, 10-1018, p. 32, 58 So.3d at 1044.
With regard to the bill of indictment, the Victim’s age, nine years old, is not set forth in count one but is found in count three and was read aloud by the minute clerk on the first day of trial. Additionally, in discussing the sexual acts resulting in the charge of indecent behavior with a juvenile during opening statements, the prosecutor repeatedly stated that the Victim was nine years old at the time of the offense. On direct examination, the Victim testified that she was born on January 26, 1998, and turned nine years old on January 26, 2007. She also indicated on redirect examination that she was nine years old at the time of the offenses and had just turned ten when she gained the courage to report the offenses. The bill of indictment reflects that all the offenses for which the Defendant was charged, including indecent behavior with a juvenile, occurred on or about March 1, 2007, through November 30, 2007, when the Victim was nine years old. Lastly, the Victim’s medical records introduced at trial included her date of birth.
With regard to the Defendant’s age, his date of birth, January 29, 1964, is found in the bill of indictment and was reiterated by the Defendant at the beginning of all three recorded statements. The Defendant’s date of birth also appears on the Miranda waiver dated February 3, 2008, and his age appears on the Miranda waiver dated February 8, 2008, both of which were introduced at trial. Lastly, Detective Ortis testified at trial that the Defendant was forty-four years old at the time he signed the Miranda waiver dated February 8, 2008, and that he informed the Defendant that they wanted to speak to him about the rape of a “ten year old.”
Considering the evidence viewed in the light most favorable to the prosecution, we find the evidence was sufficient for a rational trier of fact to conclude the State proved beyond a reasonable doubt that the Defendant was seventeen or older and that the Victim was under the age of thirteen. Further, the Defendant did not refute at trial any of the evidence regarding his age or the Victim’s age, nor does he challenge evidence of same on appeal. Although the trial court clearly committed an Apprendi violation, we find the error was harmless.
Ardoin, pp. 32-33, 58 So.3d at 1044-45.
In the present case, the bill of information sets forth the victim’s date of birth as June 10, 2003, and alleges that the offense occurred in March 2009, at which time the victim would have been five years of age. The verdict sheet does not reflect that the jury made a determination of the victim’s and defendant’s ages. The verdict sheet states only that the defendant was found guilty of sexual battery. In addition, the jury instructions were not transcribed; thus it is not possible to determine whether the trial court instructed the jury that the victim’s and defendant’s ages *1003 were elements of the offense.[3] A review of the trial transcript reveals that no objections were made to the jury instructions. Thus, we find that an Apprendi violation occurred.
However, pursuant to Neder and Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006), our review of the record indicates that the jury would have returned the same verdict absent the error. Evidence of both the victim’s and defendant’s ages was provided to the jury. The victim’s age was included in the bill of information, which was read to the jury. Additionally, both Det. Henry and Ms. Verret testified that the victim was six years old when they interviewed her. Mr. Johnson testified that he was seventy-one years of age at the time of trial, and was sixty-nine years old in October 2009. He further stated that he graduated from high school in 1959. Additionally, the jury could observe the age difference between the victim and Mr. Johnson when they testified at trial. As recognized in Gibson and Ardoin, “jury observation can be used to infer the age of a defendant when no direct evidence of defendant’s age is presented.” Gibson, p. 14, 38 So.3d at 381, citing State v. Day, 98-964 (La.App. 5 Cir. 3/10/99), 735 So.2d 56, 59.

DECREE

For the above mentioned reasons, we find that the record contains sufficient evidence to support Mr. Johnson’s conviction for sexual battery and affirm. We also find that the trial court’s Apprendi error was harmless because the jury would have returned the same verdict absent the error and affirm.
AFFIRMED

. Due to the nature of the charge, the victim's mother's initials are abbreviated.

. Ms. Pearson is the victim's paternal grandmother.

. This Court granted a motion to supplement the record. However, the jury instructions were not included in the trial transcript.